■ ANNETTE M. BONETTI, Respondent, v INTEGON NATIONAL INSURANCE COMPANY, Also Known as INTEGON INSURANCE, Appellant. [703 NYS2d 217] —In an action, *inter alia*, for a judgment declaring that the defendant is required to provide no-fault benefits to the plaintiff in connection with an automobile accident, the defendant appeals from (1) an order of the Supreme Court, Dutchess County (Beisner, J.), dated December 23, 1998, which granted the plaintiff's motion for summary judgment, and (2) a judgment of the same court, entered February 11, 1999, which made the declaration.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff was injured in an automobile accident. Initially, she claimed and received certain no-fault insurance benefits from the defendant, her insurance carrier. However, the defendant denied coverage on claims for two surgeries, asserting that those surgeries did not concern injuries arising from the subject accident. The plaintiff then commenced this action. After issue was joined, the plaintiff moved for summary judgment, arguing that the defendant's failure to timely disclaim coverage precluded it from denying her claims. In the order appealed from, the Supreme Court granted such relief. We now affirm the judgment which was entered upon that order.

A no-fault claim for which no additional verification is timely sought must be paid or denied within 30 days or it is "overdue", commencing the accrual of interest and attorney's fees (*see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]; *Central Gen. Hosp. v Chubb Group,* 90 NY2d 195; *Zappone v Home Ins. Co.,* 55 NY2d 131). Further, with limited exception, an insurance carrier is precluded from denying the claim (*see, Central Gen. Hosp. v Chubb Group, supra; Presbyterian Hosp. v Maryland Cas. Co.,* 90 NY2d 274; *Zappone v Home Ins. Co.,* 55 NY2d 131, *supra*). Here, the defendant expressly concedes on appeal that its denial of coverage "was not timely". Nonetheless, the defendant argues, it is not precluded from denying the plaintiff's claims because of a "lack of coverage defense premised on the fact or founded belief that the alleged injury does not arise out of an insured incident", an exception to the rule of preclusion (*see, Central Gen. Hosp. v Chubb Group, supra*). However, in support of such an argument, the defendant failed to proffer evidence in admissible form (*see, Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11). In any event, contrary to the defendant's contention, scrutiny of the record reveals that, in reality, its claim is that the surgeries were medically excessive, a defense subject to preclusion (*see, Central Gen. Hosp. v Chubb Group, supra*). Accordingly, the plaintiff was properly granted summary judgment. Sullivan, J. P., Luciano, H. Miller and Feuerstein, JJ., concur.