OPINION OF THE COURT
Kenneth L. Gartner, J.
The instant motion presents a novel legal issue of potential significance to the no-fault insurance system. This issue arises *288 as part of a logical progression which commenced with the Court of Appeals decision in Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d 274 [1997]). The issue is: where an insurer, by reason of its untimely denial of a claim for no-fault benefits, is precluded by Presbyterian Hosp. from asserting any defenses in a subsequent litigation brought to obtain those benefits, may it nevertheless challenge the adequacy of the plaintiffs demonstration of the “medical necessity” of the services for which payment is sought (on the ground that such a demonstration constitutes an element of the plaintiffs prima facie case), or would such a challenge constitute a precluded defense?
The instant action is one commenced by the plaintiff, a provider of medical services to, and now assignee of, one of the defendant’s insureds. The plaintiff asserts that it is the defendant insurer’s obligation to pay certain medical bills pursuant to a policy of insurance held by the plaintiffs assignor, which entitled her to no-fault benefits.
It is not disputed that the plaintiffs assignor possessed an insurance policy issued to her by defendant. It is not disputed that while holding this policy plaintiffs assignor was involved in a motor vehicle accident falling within her no-fault coverage. It is not disputed that certain procedures were performed on the plaintiffs assignor by the plaintiff, and that these procedures were listed on a health insurance claim form submitted to the defendant along with proper insurance verification forms. It is not disputed that the bills for the medical treatment were mailed to the defendant insurer by the plaintiff, via certified mail, return receipt requested. While the precise date of the receipt of these bills is in dispute, it is finally not in dispute that the defendant denied payment of the bills in question pursuant to a denial of claim form which was not issued until more than 30 days thereafter.
The plaintiff now moves for summary judgment on the ground that this more than 30-day period, ipso facto, requires the defendant to pay the bills, pursuant to Insurance Law § 5106 (a).
The defendant not only opposes this motion, but cross-moves for summary judgment dismissing the plaintiffs action, arguing that the plaintiffs submissions in support of its motion fail to make out a prima facie case as to the “medical necessity” of the procedures performed.
In Presbyterian Hosp. the Court of Appeals held that where an insurer “neither denied the claim within 30 days after receiving it nor properly sought to extend that time frame by *289 requesting verification, using the prescribed forms, within 10 days after receipt of the hospital’s completed application, it failed to comply with its obligation to timely deny or disclaim,” and thus would “be precluded from interposing a statutory exclusion defense,” i.e., that the insured’s intoxication excluded the injuries sustained from coverage. (Presbyterian Hosp. v Maryland Cas. Co., supra, 90 NY2d, at 281-282.)
Subsequently, in Central Gen. Hosp. v Chubb Group (90 NY2d 195 [1997]), the Court of Appeals held that while an insurer could not be precluded from asserting that the allegedly causative event of an injury was not covered by insurance at all, an insurer “might” suffer a preclusion remedy for late notification under Presbyterian Hosp. (supra), and that this preclusion remedy “might” prevent it from asserting that the medical treatment for which payments were sought was “medically excessive.” (Central Gen. Hosp. v Chubb Group, supra, 90 NY2d, at 199, 202.)
While Presbyterian Hosp. and Central Gen. Hosp. (supra), respectively, by their literal terms merely precluded an insurer from asserting an “exclusion” defense, and observed that an insurer “might” be precluded from asserting a defense that the services rendered were “medically excessive,” the Appellate Division, Second Department, has taken a more expansive view of the import of these holdings. In Bonetti v Integon Natl. Ins. Co. (269 AD2d 413, 414 [2d Dept 2000]), the Appellate Division definitively held that an insurer’s claim that the treatment for which payment is sought is “medically excessive” is a defense subject to preclusion under Central Gen. Hosp. And in Mt. Sinai Hosp. v Triboro Coach (263 AD2d 11, 17 [2d Dept 1999]), the Appellate Division held that:
“[U]nless [the insurer] can establish that it qualifies for the narrow exception carved out by the Court of Appeals in [Central Gen. Hosp.], it must be precluded from raising any defense to [the claimant’s] action because of its failure to deny the hospital’s claim within the statutorily prescribed 30 days” (emphasis added).
The Second Department’s broad reading of Presbyterian Hosp. and Central Gen. Hosp. (supra) is in accord with that of the dissent in Presbyterian Hosp., which expressly acknowledged “that the majority would preclude the insurer from raising any defense except lack of coverage.” (90 NY2d, supra, at 289 [emphasis added].)
The instant defendant, in support of its cross motion, has nevertheless submitted copies of two unpublished nisi prius *290 decisions, as well as an arbitral decision, indicating that at least where the insurer has timely denied a claim, the claimant has the burden of demonstrating prima facie the medical necessity of the procedures for which payment is sought. The defendant has also submitted an additional arbitral decision. This arbitrator was designated by the American Arbitration Association (AAA), pursuant to the rules for New York State no-fault arbitration, adopted pursuant to regulations promulgated by the Superintendent of Insurance. The arbitral decision was rendered in the No-Fault Arbitration Tribunal in the case entitled In re Middle Vil. Radiology v Liberty Mut. Ins. Co. (AAA case No. 17 980 07480 98, Insurance Department case No. 9807480). The decision rejected a claim— notwithstanding its untimely denial by the insurer — because the arbitrator determined that the applicant had failed to make a prima facie showing of medical necessity due to its failure to submit a narrative report from the treating physician.
In effect, the arbitrator and the defendant would view this situation as analogous to that in which a default judgment has been granted, yet a plaintiff must'still “present prima facie proof of a cause of action.” (Silberstein v Presbyterian Hosp., 95 AD2d 773, 774 [2d Dept 1983]; accord, Green v Dolphy Constr. Co., 187 AD2d 635 [2d Dept 1992]; Cree v Cree, 124 AD2d 538, 541 [2d Dept 1986]; Matter of Dyno v Rose, 260 AD2d 694, 698 [3d Dept 1999].)
The question essentially boils down to whether the issue of “medical necessity” is, on the one hand, one which must be established, prima facie, by the plaintiff; or, on the other hand, one which must be raised as a defense by the defendant. In the latter case, the Presbyterian Hosp. line of cases would appear to foreclose scrutiny of this issue; in the former, they might permit scrutiny of it notwithstanding the insurer’s untimely denial of the claim.
In Central Gen. Hosp., the Appellate Division, Second Department, had specifically held the insurer to be precluded from litigating “its asserted defenses,” which it deemed to include the insurer’s assertion “that the treatments provided were not medically necessary.” (Central Gen. Hosp. v Chubb Group of Ins. Cos., 288 AD2d 406, 407.) This would appear to indicate that the instant defendant is precluded here from raising what may be characterized as a “defense.” It is notable that the Court of Appeals, although reversing on other grounds, affirmed on this ground, albeit characterizing the insurer’s defense to be one of “medically excessive” treatment. In Presby *291 terian Hosp., the Appellate Division, First Department, had determined broadly that what was precluded was “ ‘the insurance company’s ability to deny the claim.’ ” (226 AD2d 260 [internal quotations omitted; emphasis added].) This, too, would appear to bar the defendant here. (Accord, Presbyterian Hosp. v Atlanta Cas. Co., 210 AD2d 210 [2d Dept 1994].)
. Semantics aside, the raison d’etre of the Presbyterian Hosp./Central Gen. Hosp. line of cases is a “focus on avoiding prejudice to insureds by providing for prompt payment or disclaimers of claims.” (Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274, 284, supra.) As the Court in Presbyterian Hosp. explained (90 NY2d, at 286):
“To string out belated and extra bites at the apple is, on the present state of the law, inherently contradictory and unfounded under the statutes, regulations and policies that pertain to and govern this dispute, and we should not countenance such practices on the state of this record and these regulations and statutes * * * [W]e discern no justification for penalizing injured parties or their provider assignees by recognizing disincentives against prompt attention and action for otherwise valid, first-party insurance payment claims.”
It therefore appears to this court that the arbitral determination relied upon by the defendant is in contravention of Presbyterian Hosp. and Central Gen. Hosp., as well as Mt. Sinai Hosp. (supra). To allow insurers who have not timely denied no-fault claims to, in lawsuits brought to compel payment of those claims, for the first time attack the plaintiffs showing of medical necessity would be to allow them precisely the “second bite of the apple” which Presbyterian Hosp. and its progeny prohibit, and therefore act as the “disincentive against prompt attention” to the initial claims procedure which Presbyterian Hosp. abjures.
This court therefore concludes that a plaintiff establishes a prima facie case under these circumstances simply by showing, as the instant plaintiff has, that insurance coverage existed; that a facially valid claim was presented; and that the claim was not timely denied. Once that prima facie burden is met by the plaintiff, the defendant’s only recourse would be to make out a defense by itself coming forward with “facts or else * * * a belief founded on facts” that there is no insurance coverage for the claimed person or event at all. (Mt. Sinai Hosp. v Triboro Coach, supra, 263 AD2d, at 19.) As observed by the *292 concurrence in Central Gen. Hosp., “[t]he distinction [is] between ‘coverage’ defenses (which are not precluded) and ‘non-coverage’ defenses (which would be precluded under the majority’s holding in this case and in Presbyterian)” (90 NY2d, at 203).
Consequently, plaintiffs motion for summary judgment is granted, and defendant’s cross motion for summary judgment is denied. Plaintiff is entitled to judgment on its first cause of action for the sums sought, including interest, as demanded in the complaint, and on its second cause of action for attorney’s fees to be determined by inquest on affidavit.
[Portions of opinion omitted for purposes of publication.]