*836 OPINION OF THE COURT
Kenneth L. Gartner, J.
The instant motion presents an issue which is both of first impression and of substantial significance to the no-fault insurance system.
This motion represents an attempt to expand beyond its already capacious bounds the much-litigated preclusion doctrine first enunciated by the Court of Appeals in Presbyterian Hosp. v Maryland Cas. Co. (90 NY2d 274 [1997]). The plaintiffs position is superficially supported by broad dicta contained in both the Presbyterian Hosp. decision itself, and in Appellate Division decisions. Nevertheless, scrutiny of the factual context within which those appellate tribunals made their statements; the text of the applicable Insurance Department regulations; and the statutory intent sought by those regulations to be implemented, leads to a rejection of the plaintiffs attempted interpretation.
For the reasons more fully set forth below, the Court of Appeals and Appellate Division dicta relied upon by the plaintiff is deemed confined to its facts. The plaintiffs motion is denied.
This is an action brought by a plaintiff provider of medical services, as assignee of the provider’s patient, against the patient’s insurer, for the recovery of an unpaid medical no-fault bill, statutory interest and attorney’s fees. The plaintiff moves to strike the affirmative defenses alleged by the defendant in its answer, and to grant summary judgment to the plaintiff.
Insurance Law § 5106 (a) provides, inter alia, that “[payments of first party benefits and additional first party benefits * * * are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of the loss sustained.” New York State Department of Insurance Regulations govern the applicable claim procedure.
11 NYCRR 65.15 (d) (1) provides that “[w]ithin 10 business days after receipt of the completed application for motor vehicle no-fault benefits, the insurer shall forward, to the parties required to complete them, those prescribed verification forms it will require prior to payment of the initial claim.” If, following receipt of the completed prescribed verification forms, additional verification is needed, 11 NYCRR 65.15 (d) (2) gives the insurer another 10 business days to request the same. 11 NYCRR 65.15 (g) (1) (i) provides that “[n]o-fault benefits are overdue if not paid within 30 calendar days after the insurer *837 receives verification of all of the relevant information requested pursuant to subdivision (d) of this section.”
Under the line of cases beginning with Presbyterian Hosp. (supra) and Central Gen. Hosp. v Chubb Group (90 NY2d 195 [1997]), the Court of Appeals established that a failure of an insurer to comply with the “thirty day rule” will result in the insurer being precluded from raising any defense, other than lack of coverage, to an action (such as the instant one) for benefits. Moreover — and notwithstanding the defendant’s argument in the instant case to the contrary — it has been established that the preclusion will extend to a defendant insurer’s argument that there has been an insufficient showing of the “medical necessity” of the services for which reimbursement is sought. (Central Gen. Hosp. v Chubb Group, 228 AD2d 406, 407 [2d Dept 1996], revd on other grounds 90 NY2d 195 [1997]; Vinings Spinal Diagnostic v Liberty Mut. Ins. Co., 186 Misc 2d 287 [Nassau Dist Ct 2000]; accord, Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 18 [2d Dept 1999] [“It is clear from the text of Central General that an insurer may not claim * * * that the treatment rendered was * * * unnecessary”]; Country-Wide Ins. Co. v Zablozki, 257 AD2d 506, 507 [1st Dept], lv denied 93 NY2d 809 [1999].) A hearing on the merits is, therefore, basically unavailable to the insurer once the “thirty day rule” is breached.
In the instant case, it is not disputed that the plaintiffs claim, together with supporting documentation, was submitted to the defendant insurer; and that it was more than 30 calendar days thereafter before the insurance company denied the claim. The crucial issue in this case, therefore, is whether the defendant insurer obtained an extension of the 30 days.
As noted above, the regulations themselves provide for such an extension if a request is made for additional verification. In such an event, the insurer gets until 30 days after the receipt of the requested additional proof to make a determination on the claim.
The regulations require the request for additional verification to be made within 10 days of the receipt of the claim. The parties have stipulated for purposes of this motion that the defendant insurer’s request for additional verification was not made until 11 business days after receipt of the claim.
The plaintiff argues that because the request for additional verification was untimely, the defendant insurer waived its right to extend the 30-day period, and was therefore required to make a determination on the claim within 30 days of the original submission.
*838 The plaintiffs position finds apparent support in Presbyterian Hosp. In Presbyterian Hosp., the insurer was precluded by a violation of the “thirty day rule” from advancing an intoxication exclusion defense. The Court stated (90 NY2d at 280-281) that the insurer, because no request for verification was made within the allotted 10 days, had failed to obtain an extension of the 30 days:
“In order for the insurer to have properly and timely requested the blood alcohol test results, it had to forward prescribed verification forms to the appropriate parties within 10 days after receipt of the completed application (see, 11 NYCRR 65.15 [d] [1]). The insurer utterly and flatly failed to do so and, thus, chose [not] or neglected to take advantage of its prescribed extension of time opportunity for considering denial of the hospital’s claim * * * “[S]ince Maryland neither denied the claim within 30 days after receiving it nor properly sought to extend that time frame by requesting verification, using the prescribed forms, within 10 days after receipt of the hospital’s completed application, it failed to comply with its obligation to timely deny or disclaim Presbyterian’s no-fault claim.”
Language utilized by the Appellate Division, too, would appear to support the plaintiff. In Presbyterian Hosp. v Aetna Cas. & Sur. Co. (233 AD2d 431, 432 [2d Dept 1996], lv denied 90 NY2d 802 [1997]), the Appellate Division stated that the regulatory requirement that if a request for verification is not responded to within 30 days it must be “followed up” within 10 days “must be strictly construed,” and imposed preclusion against an insurer who failed to follow up within the allotted 10-day period. (See also, Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11, 17 [2d Dept 1999] [insurer’s “failure to raise such objections (to adequacy of claim forms) within the 10-day verification period constitutes a waiver of any defenses based thereon (citation omitted)”].)
11 NYCRR 65.15 (g) (10), however, appears to contradict this case authority. 11 NYCRR 65.15 (g) (10) provides:
“For the purposes of counting the 30 calendar days after proof of claim, wherein the claim becomes overdue pursuant to section 5106 of the Insurance Law * * * any deviation from the rules set out in this section shall reduce the 30 calendar days allowed.
*839 “Example: Where an insurer sends an application for motor vehicle no-fault benefits 15 business days after notice is received at the address of the insurer’s proper claim processing office instead of five business days, the 30 calendar days permitted by paragraph (1) of this subdivision are reduced to 20 calendar days.”
The unmistakable regulatory intent was that any delay by the defendant insurer in sending out forms requesting additional verification will act to shorten the defendant insurer’s time for considering the claim upon receipt of full proof, but will not wholly bar the insurer from obtaining the benefit of a deferred period to obtain and consider the required proof.
The clear effect — but obscure nature — of this regulatory provision has been noted by commentators in the field. As observed in Jaffe and Chu, Using Independent Medical Examiners in No-fault (NYLJ, May 10, 2001, at 1, col 1):
“Most [plaintiff’s attorney’s] learn quickly that the thirty days are extended by verification requests.
“Some know the exceptions to the preclusionary rule. Almost no one knows that a verification request more than 10 business days subsequent to receipt of a claim is not defective, but rather reduces the number of days from 30 in which an insurer must pay or deny.”
The cases which appear to support the plaintiff are in fact not to the contrary. In each of those cases, the insurer had delayed to such an extent that not only was the 10-day limit surpassed, but more than 30 days had been exceeded, so that even the application of 11 NYCRR 65.15 (g) (10) could not have saved the insurer. (See, Presbyterian Hosp., supra, 90 NY2d at 277, 280 [claim form submitted on August 15, 1994, and verification not requested until October 13, 1994]; Aetna Cas., supra, 233 AD2d at 432-433 [verification requested November 13, 1992, 30 calendar days thereafter was December 12, 1992, 10-day limit for follow-up expired, but no follow-up made before February 26, 1993]; Mount Sinai Hosp., supra, 263 AD2d at 13-17 [claim form submitted November 14, 1997, but first request for verification made thereafter was December 22, 1997].) Those appellate courts were therefore not required by the facts before them to focus on the specific issue presented here, and the broad general language utilized by them should not be construed as determinative of it.
The statute itself — Insurance Law § 5106 (a) — gives the insurer 30 days “after the claimant supplies proof of the fact *840 and amount of loss sustained” to deny the claim. The regulatory scheme standardizes and delimits the procedure and time frame for obtaining that proof, and thus properly implements the statutory purpose. To determine, however, as the plaintiff here requests, that a one-day deviation from the promulgated standards deprives the insurer entirely of an opportunity to obtain and review the needed “proof,” would contravene rather than implement the statutory intent.
As held in Vinings Spinal Diagnostic v Liberty Mut. Ins. Co. (supra, 186 Misc 2d at 291, quoting Presbyterian Hosp.), “the raison d’etre of the Presbyterian Hosp. /Central Gen. Hosp. line of cases is ‘a focus on avoiding prejudice to insureds by providing for prompt payment or disclaimers of claims.’ ” By providing that any delay by the insurer in mailing out the verification forms will penalize the insurer by truncating the presumptive 30-day period which the insurer itself would otherwise have to eventually review the proof submitted, 11 NYCRR 65.15 (g) (10) adequately serves this purpose. Not so the draconian result which the plaintiff would visit upon the insurer by dint of a single day’s delay.
In the instant case, after receipt of the plaintiff’s verification, the defendant insurer is conceded to have denied the plaintiff’s claim well within the 29 days which remained to it under 11 NYCRR 65.15 (g) (10). The defendant insurer is therefore entitled to have this case addressed upon its merits.