■ In the Matter of PRADIP DAS/N.Y. MEDICAL REHAB P.C., Respondent, v ALLSTATE INSURANCE COMPANY, Appellant. [746 NYS2d 262]

In cases of compulsory arbitration, due process considerations require the courts to exercise a broader scope of review than in cases of consensual arbitration (*see Mount St. Mary's Hosp. of Niagara Falls v Catherwood,* 26 NY2d 493; *Matter of Nyack Hosp. v Government Empls. Ins. Co.,* 139 AD2d 515). CPLR 7511 (b) (1) (iii), in authorizing review of whether an arbitrator has exceeded his or her power, includes review, in cases of compulsory arbitration, of whether the award is supported by evidence or other basis in reason appearing in the record (*see Mount St. Mary's Hosp. of Niagara Falls v Catherwood, supra*; *Matter of Petrofsky [Allstate Ins. Co.],* 54 NY2d 207, 211). Contrary to the appellant's contention, the Supreme Court properly vacated the determination of the master arbitrator which denied the petitioner payment for overdue no-fault benefits because it did not have a rational basis (*see Matter of Nyack Hosp. v Government Empls. Ins. Co., supra*; *see also Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195; *New York & Presbyt. Hosp. v Empire Ins. Co.,* 286 AD2d 322; *Bonetti v Integon Natl. Ins. Co.,* 269 AD2d 413; *Vinings Spinal Diagnostic v Liberty Mut. Ins. Co.,* 186 Misc 2d 287). Altman, J.P., Krausman, Schmidt and Crane, JJ., concur.