OPINION OF THE COURT
Kevin J. Kerrigan, J.
Plaintiff’s motion for summary judgment is granted in part and denied in part, and defendant’s cross motion for summary judgment is denied in its entirety.
This action was commenced to recover no-fault benefits assigned by two unrelated assignors, namely Seepersad and Bringle. Plaintiff has established a prima facie case in its mov *259 ing papers in terms of the medical bills related to Bringle, but it has failed to do so in terms of the medical bills related to Seepersad.
In terms of Seepersad, defendant provided an affidavit from its claims examiner, as well as two denial of claim forms, or NF-10’s, asserting that it received proof of two claims, and that it timely denied each claim based upon lack of medical necessity, as determined by a peer review. Lack of medical necessity is a defense to an action to recover no-fault benefits if stated in a timely denial (see, Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195 [1997]; Bonetti v Integon Natl. Ins. Co., 269 AD2d 413 [2000]; Mount Sinai Hosp. v Triboro Coach, 263 AD2d 11 [1999]). Therefore, plaintiff has failed to establish a prima facie entitlement to the relief requested. A determination as to whether the services were not medically necessary must be made at trial (see, Choicenet Chiropractic v Allstate Ins. Co., NYLJ, Mar. 7, 2003, at 20, col 3).
As such, defendant’s cross motion for summary judgment must also be denied, since a peer review creates a triable issue of fact with respect to the medical necessity of the services rendered (see, Rockaway Blvd. Med. P.C. v Travelers Prop. Cas. Corp., 2003 NY Slip Op 50842 [U] [App Term, 2d & 11th Jud Dists 2003]). Accordingly, summary judgment may not be granted to either party with respect to the no-fault benefits assigned to plaintiff by Seepersad.
As to the branch of the motion regarding the Bringle claim, summary judgment must be granted to plaintiff and the branch of the cross motion related to this medical bill must be denied. Defendant’s claims examiner states that proof of this claim was received on May 28, 2002, and that a timely request for verification was sent, which remained unanswered for 30 days. Thus, defendant sent a follow-up verification request, as mandated by the New York State Insurance Regulations. The insurer is required to send a follow-up request for verification within 10 calendar days, if the provider has not responded to the initial verification request within 30 days (see, New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co., 293 AD2d 588 [2002]; 11 NYCRR 65.15 [e] [2]). Defendant’s claims examiner concedes that this follow-up request for verification was made 16 days late. As a result, defendant was obligated to either pay or deny the claim within 30 days from the time that the provider had to make the follow-up verification request, which it failed to do. Accordingly, plaintiff is entitled to summary judgment as to payment of the no-fault benefits assigned by Bringle.
*260 Defendant argues that its time to pay or deny the claim has been tolled due to an outstanding verification request. It asserts that the failure to make a timely follow-up request for verification is not fatal to its defense. Rather, since defendant’s follow-up request for verification was 16 days late, its position is that the 30 days to pay or deny the claim upon receipt of verification was reduced by 16 days. Defendant improperly relies on 11 NYCRR 65.15 (g) (10) to support this proposition.
11 NYCRR 65.15 (g) (10) states:
"For the purposes of counting the 30 calendar days after proof of claim, wherein the claim becomes overdue pursuant to section 5106 of the Insurance Law, with the exception of subdivision (e) of this section, any deviation from the rules set out in this section shall reduce the 30 calendar days allowed” (emphasis added).
The referenced subdivision specifically indicates that it does not apply to subdivision (e) (see, 11 NYCRR 65.15 [e] [2] [which addresses follow-up requirements for verification requests if verification has not been supplied to the insurer]). Defendant cannot, therefore, in this instance, obtain the benefit of a reduced time period for considering the claim upon receipt of full proof, since 11 NYCRR 65.15 (g) (10) does not confer this benefit upon the insurer.
The issue of a reduction of the 30-day period within which to pay or deny the claim was squarely addressed in the case of Liberty Queens Med. v Tri-State Consumer Ins. (188 Misc 2d 835 [Nassau Dist Ct 2001]). In that case, Judge Kenneth L. Gartner held that, based upon 11 NYCRR 65.15 (g) (10), the insurer’s delay, by one day, in requesting additional verification after verification was provided, acts to shorten the time for considering the claim once full proof is received, but does not wholly bar the insurer from receiving a deferred period to obtain and consider the required proof.
Our case is distinguishable in that no verification was provided by plaintiff, resulting in the insurer sending a follow-up verification request. The regulations permit an insurer to receive the benefit of a reduction in the 30-day period when requesting additional verification later than 10 business days after receiving the verification, but prohibit a reduction in the 30-day period when making a follow-up verification request once no verification has been supplied within 30 days after the original request. Here, since defendant was 16 days late in making its follow-up verification request, and cannot *261 receive the benefit of a toll in its time to pay or deny the claim, it is obligated to pay plaintiff on the Bringle claim.
The branch of the cross motion related to Bringle must also be denied, upon the ground that there is no probative evidence submitted to establish that the verification request was ever sent to plaintiff. The claims examiner states that her office mailed out said request, without averring that she mailed the request herself. She fails to swear to the fact that the verification request was sent, and the court will not infer that the foregoing was done, since such an inference is speculative (see, New York Hosp. Med. Ctr. of Queens v Government Empls. Ins. Co., NYLJ, Sept. 26, 2002, at 27, col 4).
Accordingly, plaintiff is given leave to enter judgment in the sum of $1,458, all of which relates to the Bringle claim, together with appropriate statutory interest and statutory attorneys’ fees. A determination as to the Seepersad claims must await trial.