OPINION OF THE COURT
Eric N. Vitaliano, J.
*622 In this proceeding commenced pursuant to CPLR article 75, petitioner Park Radiology P.C., as assignee of Michael Torres, seeks an order vacating the arbitration award of a master arbitrator dated May 15, 2003 and granting the petitioner judgment including attorney’s fees. The respondent argues forcefully in opposition that the arbitrator’s decision is wholly consistent with an advisory opinion of the Superintendent of Insurance interpreting the No-Fault Law as it applies to first-party benefits and, therefore, in deference to the superintendent’s authority and expertise, the petitioner’s challenge must be summarily dismissed.
The underlying facts of this proceeding appear to arise from a motor vehicle accident that occurred on September 4, 2000.[1] As a result of the accident, Michael Torres underwent three medical tests for which Park Radiology seeks reimbursement from the insurer, Allstate Insurance Company. The tests were an MRI of the brain on September 8, 2000, an MRI of the cervical spine on September 27, 2000 and an MRI of the lumbar spine on October 30, 2000.
Allstate denied Park Radiology’s claims. The matter then proceeded to arbitration before the American Arbitration Association’s No-Fault Arbitration Tribunal. It is the petitioner’s position that Allstate was precluded from raising any defense to the claims as it had failed to deny the claims within 30 days of their presentation for payment. Pursuant to section 5106 (a) of the Insurance Law and 11 NYCRR 65.15 (g) (3), it is incumbent upon an insurer to deny a claim within 30 days of receiving proof of the claim.
The arbitrator denied reimbursement to Park Radiology for the three tests by decision dated February 25, 2003. (The arbitrator’s decision is annexed as exhibit A to petitioner’s papers.) In her decision, the arbitrator conceded that Allstate had failed to timely deny the petitioner’s application for no-fault benefits for the three medical tests performed on petitioner’s assignor, Michael Torres. Because of the untimeliness issue, she “examined the evidence both with and without Respondent’s evidence.” The arbitrator noted that “there was no medical narrative in the documentation submitted by the Applicant” and that Allstate had submitted “medical reports and Letters of Medical Necessity relating to Assignor and some other oc *623 cupants of the vehicle to indicate the similarity of reports and of similar recommendations as to testing.” The arbitrator found that the physicians who had recommended cervical and lumbar MRIs be conducted on Michael Torres had also used identical language in recommending the same tests for the other occupants of the vehicle. The arbitrator also noted that the police report of the accident had reported that none of the vehicle’s occupants sustained any injuries.
Due to the untimeliness issue, the arbitrator declared that “[e]ven if the Denials and all documents submitted by Respondent are disregarded, Applicant must nevertheless establish a prima facie case that the tests were medically necessary.” The arbitrator found that the petitioner had “failed to establish a prima facie case that the testing was medically necessary” and, having considered the evidence with and without Allstate’s submissions, determined that the petitioner did “not prevail in either instance.”
The petitioner then appealed the decision to a master arbitrator on the grounds that the arbitrator had exceeded her power, improperly considered matters not in evidence and that the decision was incorrect as a matter of law, was unsupported by the evidence and/or was arbitrary and capricious. (Petitioner’s letter appealing the decision is annexed as exhibit B to petitioner’s papers.) The master arbitrator, citing Matter of Petrofsky (Allstate Ins. Co.) (54 NY2d 207 [1981]), noted that the scope of a master arbitrator’s review is limited to whether the decision is rational or had a plausible basis. (The master arbitrator’s decision is annexed as exhibit D to petitioner’s papers.) Finding that there was indeed sufficient evidence to support the arbitrator’s February 25, 2003 decision, the master arbitrator affirmed the award in its entirety by decision dated May 15, 2003.
Now the petitioner seeks an order from this court pursuant to article 75 of the Civil Practice Law and Rules vacating and setting aside the master arbitrator’s award and granting it judgment with attorney’s fees. The petitioner maintains the position that Allstate was precluded from offering any evidence of its defense as it had failed to deny the petitioner’s claim for no-fault benefits within 30 days of its submission. Rebanee is placed upon the Appellate Division, Second Department, case of Matter of Das/N.Y. Med. Rehab v Allstate Ins. Co. (297 AD2d 321 [2d Dept 2002]). The respondent rests its opposition upon an informal opinion letter issued by the Insurance Department on January 11, 2000.
*624 In Das, the Second Department affirmed an order of the Supreme Court, Richmond County (Maltese, J.), that had vacated a master arbitrator’s award on the same facts as those before this court. (Justice Maltese’s decision is annexed as part of exhibit B of petitioner’s papers.) The petitioner in Das sought reimbursement for medical expenses under the no-fault statute. Allstate had similarly failed to timely deny the application for no-fault benefits. Despite the untimeliness of Allstate’s denial of benefits, the arbitrator found for Allstate concluding that there was insufficient evidence in the record to establish a prima facie case of medical necessity.
The claimant in Das appealed the arbitrator’s denial to a master arbitrator. Citing to Bonetti v Integon Natl. Ins. Co. (269 AD2d 413 [2d Dept 2000]) and Vinings Spinal Diagnostic v Liberty Mut. Ins. Co. (186 Misc 2d 287 [Nassau Dist Ct 2000]), Das’s position at arbitration was that “the submission of a completed claim satisfies any prima facie requirement.” Bonetti (supra) stands for the proposition that, with limited exception, an insurer is precluded from denying a no-fault claim if it fails to timely deny it and Vinings (supra) holds that an insurer is precluded from challenging the adequacy of a claimant’s proof of “medical necessity” if it fails to timely deny the claim for no-fault benefits.
Upon appeal, the master arbitrator affirmed the arbitrator’s findings. In his decision, the master arbitrator acknowledged that Allstate’s denial of benefits to Das was untimely. However, the arbitrator noted that the Department of Insurance had taken a position contrary to that set forth by the petitioner in its reliance on Bonetti and Vinings. Relying instead upon an informal opinion letter issued by the Insurance Department on January 11, 2000 (2000 Ops NY St Ins Dept No. I 00-01-02), the master arbitrator declined “to follow the authorities cited by applicant to the extent that they disagree with the Department’s Opinion Letter.”
The Insurance Department’s January 11, 2000 informal opinion is entitled “No-Fault Burden of Proof.” It discusses what burden of evidence a claimant must meet to support a disputed claim for payment where the insurer has failed to deny the claim within 30 days of receipt of the claimant’s proof of claim. The letter was published in response to questions which had arisen subsequent to two decisions by the New York Court of Appeals, Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co. (90 NY2d 274 [1997]) and Central Gen. Hosp. v Chubb Group *625 of Ins. Cos. (90 NY2d 195 [1997]), both of which held that a failure to deny a claim within 30 days of submission of proof of claim, unless the claim is based upon lack of coverage, precluded the insurer from denying or asserting a defense against payment of the claim. The Insurance Department conceded in its opinion letter that the insurer’s defense to payment of the claim may be precluded under those cases, but averred that nothing in Presbyterian or Central Gen. negated or vitiated the requirement that a claimant must prove that the treatment was medically necessary.
With due respect for the Superintendent of Insurance and the cohort of decisions by arbitrators which followed in harmony with his advisory opinion, this court finds that case law subsequent to the publication of the January 11, 2000 Insurance Department informal opinion letter is to the contrary.[2] Citing Petrofsky (supra) the lower court in Das found that the petitioner was not required to establish a prima facie case of medical necessity when an insurer has failed to deny no-fault benefits in a timely manner. As noted above, the Appellate Division, Second Department, affirmed the lower court’s decision in an opinion dated August 12, 2002. Commencing with Presbyterian Hosp, and Central Gen., the Court of Appeals established that an insurer is precluded from raising any defense, other than lack of coverage, when it fails to comply with the rule requiring it to deny a claim within 30 days as required by Insurance Law § 5106 (a) and 11 NYCRR 65.15 (g) (3). (See also New York Med. Ctr. of Queens v Country-Wide Ins. Co., 295 AD2d 583 [2d Dept 2002]; New York & Presbyt. Hosp. v American Tr. Ins. Co., 287 AD2d 699 [2d Dept 2001]; Bonetti, *626 supra; Liberty Queens Med. v Tri-State Consumer Ins., 188 Misc 2d 835 [Nassau Dist Ct 2001]; Yellin v Liberty Mut. Ins. Co., 192 Misc 2d 285 [Civ Ct, Queens County 2002].) Based upon this well-established line of cases, the court concludes that the petitioner’s prima facie burden was met when it presented its claim, including proof that the testing services had been performed (a fact which was not denied by the respondent), and proof that Allstate had failed to deny the claim within 30 days after presentation. Consequently, as bound by the Second Department decision in Das, the court finds that the master arbitrator’s denial of the petitioner’s claim did not have a rational basis.
Accordingly, the petitioner’s application to vacate and set aside the master arbitrator’s award is granted and judgment is entered in the petitioner’s favor in the amount of $2,666.16, with interest. Attorney’s fees, as set forth in section 5106 (a) of the Insurance Law, are also awarded and are to be determined by inquest on affidavit.

. The court has been compelled to piece together the underlying facts due to the paucity of detail and documentation provided by the movant regarding the accident.

. Both in its memorandum of law and at oral argument, the respondent relied heavily on the recent decision of the Court of Appeals, Matter of Medical Socy. of State of N.Y. v Serio (100 NY2d 854 [2003] [Medical Socy. II]), which upheld regulations promulgated by the Insurance Department that reduced the time for filing claims under the No-Fault Law. While deferring to the Superintendent’s expertise in these matters and affirming his authority to promulgate regulations which filled in various “interstices” of the statutory no-fault scheme, it hardly handed the Superintendent a blank slate to create process by fiat. It certainly did not empower the Superintendent to rule by informal advisory opinion. Indeed, if anything, Medical Socy. II undercuts the respondent’s position. What the Court of Appeals recognized was the power of the Superintendent to adopt regulations implementing the No-Fault Law provided they are adopted validly pursuant to the Administrative Procedure Act. The respondent’s argument here, however, rests solely on an opinion letter, not a regulation. Whether the Superintendent could incorporate the substance of his opinion letter in a regulation, of course, is a question which must be left for another day.