OPINION OF THE COURT
Augustus C. Agate, J.
*724 Plaintiff brought suit to recover payment under the no-fault regulations for medical services it provided to its assignor, an insured of defendant. Defendant moved for summary judgment pursuant to CPLR 3212, arguing that plaintiff’s failure to comply with defendant’s verification requests made the commencement of this action premature. Plaintiff opposed defendant’s motion, arguing that defendant’s follow-up request was untimely, as defendant sent it 25 days after submitting the initial request.
This court finds that defendant’s verification requests were timely and proper under the no-fault regulations. The no-fault regulations require defendant to submit a follow-up verification request if it does not receive a response from plaintiff within 30 days of issuing its initial verification request. As defendant sent its follow-up request on the 25th day, it complied with the requirement of submitting its follow-up within 30 days from the date of the initial request. There is no statutory or case law that requires defendant to wait until the 30th day to issue its follow-up request. To find that defendant must wait 30 days before issuing its follow-up request serves no valid purpose under the No-Fault Law. Moreover, finding defendant’s follow-up request was untimely would be inconsistent with the purpose of the No-Fault Law and would result in unfair prejudice to defendant.
Under the no-fault regulations, an insurer must either pay or deny a claim within 30 days or it will be precluded from offering any defenses at trial. (See 11 NYCRR 65.15 [g]; Presbyterian Hosp. v Maryland Cas. Co., 90 NY2d 274 [1997].) An insurer may toll the 30-day period by properly requesting verification within 15 days from the date of receipt of the bill. (11 NYCRR 65.15 [d] [1].) Upon submitting a proper verification request, an insurer must issue a follow-up request for verification if it does not receive the requested information within 30 days from the date of requesting the verification. (11 NYCRR 65.15 [e] [2].) If it does not receive the verification after its follow-up request is sent, its time to pay or deny the claim is tolled pending submission of the requested information. (11 NYCRR 65.15 [g] [1]; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [2d Dept 1999].) Further, an insurer may not issue a denial while its verification request is outstanding. (See Westchester Med., supra.)
While the regulations require an insurer to submit a follow-up request within 30 days from the date of submission of the *725 request, it does not mandate that the insurer wait 30 days before sending a follow-up request. Instead, this time frame is a limit to the amount of time an insurer may wait before sending a follow up request. (See Keith v Liberty Mut. Fire Ins. Co., 118 AD2d 151 [2d Dept 1986].) This determination is consistent with the case law and the goals of the No-Fault Law.
There is no case law or statutory authority for the proposition that an insurer must wait 30 days before sending its follow-up request, or it will be precluded from offering defenses at trial. While there are no cases that specifically address this issue, there are cases that address the timeliness of follow-up verification requests. In New York & Presbyt. Hosp. v American Tr. Ins. Co. (287 AD2d 699 [2d Dept 2001]), the defendant requested additional verification on October 5, 1999 and sent its follow-up letter on November 1, 1999, 27 days later. (Id. at 700.) The Court noted that both requests were timely, stating that “defendant did not sit on its rights, but rather promptly requested additional verification of the claim.” (New York & Presbyt. Hosp. v American Tr., 287 AD2d at 701; see 11 NYCRR 65.15 [d] [2]; [e] [2].)
There are also numerous cases indicating the defendants timely sent follow-up verification requests exactly 30 days after sending its initial requests. (See New York Hosp. Med. Ctr. v State Farm Mut. Auto Ins. Co., 293 AD2d 588 [2d Dept 2002]; Boro Med. & Psych Treatment Servs., P.C. v Country Wide Ins. Co., 2002 NY Slip Op 50538[U] [App Term, 2d & 11th Jud Dists 2002]; L.I. First Aid Med. Supply v Progressive Cas. Ins. Co., 196 Misc 2d 258 [Civ Ct, Queens County 2003].)
In the present case, penalizing defendant for sending a follow-up request 25 days after its initial request is inconsistent with the goals of the No-Fault Law. The purpose of the No-Fault Law is to allow swift compensation for qualified injured persons from the insurance companies. (See Presbyterian v Maryland, 90 NY2d at 284.) The regulations require insurers to act quickly in evaluating insureds’ claims and to avoid prejudicial delays. (See Dermatossian v New York City Tr. Auth., 67 NY2d 219 [1986].) The verification requirement exists in order for insurers to have the opportunity to promptly investigate and respond to legitimate claims, not to delay payment. (See id.)
In this case, defendant complied with the no-fault regulations by quickly responding to plaintiff’s claim in the form of a verification request. When it had not received plaintiffs claim within 25 days, it promptly responded by submitting a follow-up *726 request. Plaintiff has not challenged the propriety of defendant’s request, but only challenges defendant’s ability to send a follow-up request earlier than 30 days from the date of the initial request. Essentially, plaintiff seeks to penalize defendant for being too prompt, which is wholly inconsistent with defendant’s duties under the No-Fault Law.
Finally, defendant would suffer undue prejudice if its verification request was found improper. If the court were to accept plaintiffs argument, defendant would have to pay a claim for which it complied with the regulations and sought proper verification. This result would be unduly harsh, as defendant would be precluded from asserting any defenses to plaintiffs claim. Furthermore, defendant’s early follow-up verification request did not prejudice plaintiff in any manner, as plaintiff is not under any time frame to respond to defendant’s verification request. Therefore, the date of defendant’s submission of its follow-up request is irrelevant for the purposes of plaintiffs response.
It is also undisputed, that plaintiff never responded to defendant’s verification requests and has not challenged the propriety of defendant’s requests. Plaintiffs sole argument is that defendant acted too promptly in seeking verification. However, defendant’s actions were not only permissible but were consistent with the goals of the No-Fault Law in seeking prompt response to insured’s claims. In this matter, plaintiff was able to respond to the verification request, but simply received follow-up notice that it had not done so earlier than the time allotted to defendant by the no-fault regulations. Plaintiffs failure to respond had no relation to the dates defendant submitted its initial and follow-up verification.
Accordingly, as defendant complied with the letter and spirit of the no-fault regulations, and plaintiff suffered no prejudice from defendant’s expeditious response to plaintiff’s claim, defendant’s verification requests are deemed timely and proper. As plaintiff never responded to defendant’s timely and proper verification requests, defendant was under no duty to issue a denial. (See Westchester Med. Ctr. v Travelers Prop. & Cas. Ins. Co., 2001 NY Slip Op 50082[U] [Sup Ct, Nassau County 2001].) Therefore, plaintiff commenced the action prematurely. As there are no issues of fact in dispute, defendant’s motion is granted.