OPINION OF THE COURT
Manuel J. Mendez, J.
*768 The defendant moves for an order dismissing the case on the ground that the plaintiff lacks standing to prosecute the action. Plaintiff opposes that motion.
Facts
Plaintiff health care provider, T & G Medical Supplies, Inc. as assignee of Yolette Milford, mailed a bill to defendant, National Grange Mutual Insurance Company, regarding treatment for dates of services it rendered the assignor on April 21, 2003, April 24, 2003, April 29, 2003, May 1, 2003, May 5, 2003, and May 6, 2003. Defendant received the bill on June 5, 2003 and timely denied it on June 6, 2003. Defendant now moves this court to dismiss the action on the ground that plaintiff has no standing to sue because no valid assignment has been exchanged with the plaintiff’s responses to the defendant’s discovery demands.
Issue
Does the plaintiff have standing to sue?
Law
To establish a prima facie claim for the recovery of first-party no-fault benefits for medical supplies or equipment, plaintiff assignees must show a policy in effect issued by defendant covering the treated person and motor vehicle collision, assignment of policy benefits, cost of the equipment or supplies, presentation of the claims to the insurer and failure to pay or deny within 30 days (see, 11 NYCRR 65.15 [g] [6]; Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553 [2d Dept 1999]; Neuro Care Ctr. II v Allstate Ins. Co., NYLJ, Jan. 28, 2003, at 19, col 5; Metroscan Imaging v American Tr. Ins. Co., NYLJ, Dec. 10, 1999, at 27, col 5 [Civ Ct, NY County]; Vinings Spinal Diagnostic v Liberty Mut. Ins. Co., 186 Misc 2d 287 [2000]; King’s Med. Supply v Travelers Prop. Cas. Corp., 194 Misc 2d 667 [2003]). Plaintiff must demonstrate it has standing to bring the action and that completed proofs of claims were presented to the insurer who failed to pay or deny within 30 days.
Recently, the Appellate Term, Second Department, held that admissible proof authenticating an assignor’s signature on an assignment form is not necessary to establish its prima facie entitlement to summary judgment (see, A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., 6 Misc 3d 70 [App Term 2d & 11th Jud Dists 2004]). It also held that the only thing required of a health care provider/assignee plaintiff in regard to an assign *769 ment is that it submit a “properly executed assignment” on one of four forms (at 71). The four forms the court names are (1) the NYS form NF-3 which is the prescribed verification of treatment by the attending physician or other provider of service form; (2) the NYS form NF-4 which is the prescribed verification of hospital treatment form; (3) the NYS form NF-5 which is the prescribed hospital facility form, and (4) the NYS form NF-AOB which is the prescribed no-fault assignment of benefits form (see, A.B. Med. Servs. PLLC v Nationwide Mut. Ins. Co., supra; 11 NYCRR 65-3.11 [b] [2]).
Courts have also held that a defendant’s failure to pay or deny a claim, whether in whole or partially, within the 30 days mandated by the statute, prevents it from alleging any defense related to the adequacy of the claim forms provided by the plaintiff including the lack of necessary signatures on an assignment form (see A.B. Med. Servs. PLLC v CNA Ins. Co., 1 Misc 3d 137[A], 2004 NY Slip Op 50061[U] [App Term, 1st Dept 2004]; Diagnostic Rehab. Medicine Serv., P.C. v Farm Family Cas. Ins. Co., NYLJ, June 29, 2005, at 24, col 2 [1st Dept 2005]).
In the case at bar, the defendant moves to dismiss plaintiffs claim on the ground that plaintiff does not have standing to sue because there is no assignment. This distinguishes it from the cases discussed above where plaintiff moved for summary judgment based on defendant’s failure to pay or deny the claim.
In A.B. Med. Servs. PLLC v CNA Ins. Co. and Diagnostic Rehab. Medicine Serv. v Farm Family Cas. Ins. Co., defendants failed to pay or deny the claim within the statutory time or to seek verification. This case is distinguishable from those cases in that defendant received plaintiffs bill on June 5, 2003 and issued a timely denial on June 6, 2003 (see A.B. Med. Servs. PLLC v CNA Ins. Co., 1 Misc 3d 137[A], 2004 NY Slip Op 50061 [U], supra; Diagnostic Rehab. Medicine Serv., P.C. v Farm Family Cas. Ins. Co., NYLJ, June 29, 2005, at 24, col 2, supra).
Plaintiff argues that defendant’s motion should be denied because it failed to state any deficiency regarding the assignment in its denial, thereby waiving any defense not included in the denial.[1]
Standing to sue is one of the basic elements in any action. Notably, without it, you are not entitled to begin an action {see Black’s Law Dictionary 1413 [7th ed 1999]). As such, the issue of standing cannot be waived even if a defendant fails to object *770 to the issue of standing beforehand. (See Stark v Goldberg, 297 AD2d 203, 204 [1st Dept 2002]; Axelrod v New York State Teachers’ Retirement Sys., 154 AD2d 827 [1989].) In order to establish standing in a no-fault claim, plaintiff health care providers must produce “properly executed” assignments of insurance benefits, signed by the patient naming the provider as assignee (see 11 NYCRR 65-3.11 [b] [2]; A.B. Med. Servs. PLLC v Highland Ins. Co., NYLJ, May 27, 2003, at 21, col 3; Advanced Med. Rehabilitation P.C. v Travelers Prop. Cas. Ins. Co., 2 Misc 3d 1004[A], 2004 NY Slip Op 50141[U]; T&G Med. Supplies, Inc. v State Farm Mut. Auto. Ins. Co., 7 Misc 3d 1017[A], 2005 NY Slip Op 50636[U]). Like any contract, the assignment should reflect the names of the assignor and assignee, the date the accident leading to treatment occurred, the signatures of both parties, and the date the assignment took place (see, T&G Med. Supplies, Inc., 7 Misc 3d 1017[A], 2005 NY Slip Op 50636[U], supra). In fact, the assignment of benefit form provided by New York State Department of Motor Vehicles provides blank spaces for the patient/assignor’s name; for the health care provider/ assignee’s name; for the date of the accident; for the signatures and addresses of both assignor and assignee; and for the date of the assignment (see NYS form NF-AOB). The form clearly illustrates that the particular information requested is required in order for the assignment to be deemed valid and for plaintiff to have standing to sue. In this case, the assignment in question happens to be on a NYS form NF-AOB[2] and the qnly section of the assignment that is completed is the signature of the alleged assignor. Conspicuously absent is the name of the party receiving the assignment, who in the future would have standing to bring an action.
Conclusion
Upon a review of all the papers, the court finds that defendant made out a prima facie case of its entitlement to summary judgment. Specifically, defendant argues that plaintiff has not established that it has standing to maintain this action. The undated assignment it provided does not contain the name of the assignor, the signature of the assignee or the date of the alleged occurrence.[3] Upon a reading of the purported assignment, one is not certain who the alleged assignor is delegating her rights to or when she did so. The assignment also fails to state *771 when she suffered the injuries leading to the need for medical supplies. These defects in the alleged assignment of benefits to plaintiff illustrate its lack of standing to maintain this action.
Accordingly, defendant’s motion is granted and the action is dismissed.

. See paragraph 4 of plaintiffs affirmation in opposition.

. See exhibit C of moving papers, a copy of the assignment of benefit form.

. See exhibit C of the moving papers—the assignment.