■ 563 GRAND MEDICAL, P.C., et al., Appellants, v NEW YORK STATE INSURANCE DEPARTMENT et al., Respondents. [805 NYS2d 643]—

In an action, inter alia, for a judgment declaring that 11 NYCRR 65-4.5 (o) (1) violates procedural due process and is unconstitutional as applied to the plaintiffs, the plaintiffs appeal from an order of the Supreme Court, Kings County (G. Aronin, J.), dated July 30, 2004, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that 11 NYCRR 65-4.5 (o) (1) does not violate procedural due process.

The plaintiffs contend that 11 NYCRR 65-4.5 (o) (1) violates the Due Process Clause of the United States and New York State Constitutions because the regulation, when used in conjunction with 11 NYCRR 65-4.2 (b) (3) (i), allows an arbitrator in a proceeding pursuant to Insurance Law § 5106 to independently raise any issue that the arbitrator deems relevant to making an award, without affording the applicant a meaningful opportunity to respond. In addition to their claim that the regulation violates procedural due process, the plaintiffs contend that it is unconstitutional as applied to them.

The Supreme Court properly dismissed the plaintiffs' unconstitutional-as-applied claim on the ground that they failed to exhaust their administrative remedies (*see Matter of Beyah v Scully*, 143 AD2d 903, 904 [1988]).

Contrary to the plaintiffs' contention, the challenged regulation comports with procedural due process (*see Mathews v*

*Eldridge,* 424 US 319 [1976]). There is a strong government interest in according the arbitrator discretion in order to promptly resolve claims and free the courts for more important tasks (*see* Governor's Mem approving L 1973, ch 13, 1973 NY Legis Ann, at 298), and the regulations promulgated by the Superintendent of Insurance are adequate to mitigate the risk of an erroneous denial of an applicant's claim since they allow for administrative and judicial review of an arbitrator's determination (*see Central Gen. Hosp. v Chubb Group of Ins. Cos.,* 90 NY2d 195 [1997]; *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274 [1997]; *Matter of Pradip Das/N.Y. Med. Rehab v Allstate Ins. Co.,* 297 AD2d 321 [2002]; *Bonetti v Integon Natl. Ins. Co.,* 269 AD2d 413 [2000]; *Vinings Spinal Diagnostic v Liberty Mut. Ins. Co.,* 186 Misc 2d 287, 290 [2000]). Consequently, the Supreme Court properly dismissed the plaintiffs' procedural due process claim (*see Matter of Vector E. Realty Corp. v Abrams,* 89 AD2d 453, 457 [1982]; *Matter of K.L.,* 302 AD2d 388, 391, *affd* 1 NY3d 362 [2004]).

However, since this is an action, inter alia, for a declaratory judgment, the Supreme Court should have made a declaration as to the constitutionality of 11 NYCRR 65-4.5 (o) (1) (*see Lanza v Wagner,* 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Goldberg v Corcoran,* 153 AD2d 113, 118 [1989]). Accordingly, the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that 11 NYCRR 65-4.5 (o) (1) does not violate procedural due process.

The plaintiffs' remaining contentions are without merit. Cozier, J.P., Krausman, Skelos and Lunn, JJ., concur.