OPINION OF THE COURT
Richakd J. Montelione, J.
In this action by a provider to recover assigned first-party no-fault benefits, a bench trial commenced and concluded on May 4, 2017. The parties made no pretrial stipulations. Pursuant to the order of the Honorable Steven Z. Mostofsky, dated February 3, 2016, plaintiff “established] [its] prima facie case” and the amount in dispute is $2,389.76. The order goes on to indicate, “[t]he sole issue for trial shall be whether the verification requests remain] ] outstanding.” There were no witnesses appearing on behalf of either party.
The court left the record open solely to address the legal issue of which party bears the burden of establishing whether the verification requests remain outstanding. In support, defendant submitted a posttrial memorandum by Jeremy Maline, Esq., dated May 18, 2017, and in reply, plaintiff submitted a posttrial memorandum by Oleg Rybak, Esq., dated May 22, 2017. In brief, plaintiff’s counsel argued that as the issue of outstanding verification is an affirmative defense, it is the defendant’s burden to establish that verification remains outstanding. Defense counsel argued, inter alia, that the order dated February 3, 2016, should be read to indicate that defendant has met its burden of establishing its defense as defendant has proved “timely and proper mailing of the verification requests and mailing of the 120 day denial.”
It is well settled that an insurer may toll the 30-day period to pay or deny a claim by properly requesting verification within 15 business days from its receipt of the proof of claim form or bill. (11 NYCRR 65-3.5 [b]; Psych. & Massage Therapy Assoc., PLLC v Progressive Cas. Ins. Co., 5 Misc 3d 723 [Civ Ct, Queens County 2004].) If the
“requested verifications has not been supplied to the insurer 30 calendar days after the original request, the insurer shall, within 10 calendar days, follow up with the party from whom the verification was requested, either by telephone call ... or by mail. At the same time the insurer shall inform the applicant and such person’s attorney of the reason(s) why the claim is delayed by identifying in *683 writing the missing verification and the party from whom it was requested.” (11 NYCRR 65-3.6 [b].)
“A claim need not be paid or denied until all demanded verification is provided.” (New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568, 570 [2d Dept 2004]; Prime Psychological Servs., P.C. v ELRAC, Inc., 25 Misc 3d 1244[A], 2009 NY Slip Op 52579 [U] [Civ Ct, Richmond County 2009]; see also Insurance Law § 5106 [a]; 11 NYCRR 65-3.5 [c]; 65-3.8 [a] [1].) As for services rendered on or after April 1, 2013, if the applicant does not provide within 120 calendar days from the date of the initial request either all such verification under the applicant’s control or possession or written proof providing reasonable justification for the failure to comply, the insurer may deny the claim. (11 NYCRR 65-3.5 [o].)
In the court’s view, defendant’s argument that defendant established mailing of the 120-day denial obviates defendant’s burden to demonstrate prima facie that it had not received the requested verification is unpersuasive as the sole issue for trial is whether the verification requests remain outstanding. Defendant generally bears the burden of proving its affirmative defense (Manion v Pan Am. World Airways, 55 NY2d 398 [1982]). Defendant failed to present any witnesses at trial to prove that it, in fact, did not receive any response to its verification requests.
Lastly, defense counsel has not cited any case law that would convince this court to find otherwise. To the extent that defense counsel discusses any outstanding discovery in its memorandum, such issue is not before the court and therefore was not considered.
Based on the foregoing, the court finds that the defendant has failed to meet its burden of establishing its affirmative defense of outstanding verification and as the order of the Honorable Steven Mostofsky found that plaintiff established its prima facie case, the Clerk is directed to enter judgment in favor of the plaintiff in the amount of $2,389.76 with applicable statutory attorney’s fees, interest, costs and disbursements.