Matter of Vineland Commons, LLC v Building Dept. of Town of Riverhead (2018 NY Slip Op 06748)





Matter of Vineland Commons, LLC v Building Dept. of Town of Riverhead


2018 NY Slip Op 06748


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2016-02485
 (Index No. 21955/14)

[*1]In the Matter of Vineland Commons, LLC, respondent, 
v
Building Department of Town of Riverhead, et al., appellants.


Smith, Finkelstein, Lundberg, Isler and Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for appellants.
Frederick P. Stern, P.C., Islip, NY (Richard I. Scheyer of counsel), for respondent.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Building Department of the Town of Riverhead dated October 7, 2014, denying the petitioner's application for a use permit, and action, inter alia, for declaratory and injunctive relief, the appeal is from a judgment of the Supreme Court, Suffolk County (Andrew G. Tarantino, Jr., J.), dated January 19, 2016. The judgment granted the petition, annulled the determination, remitted the matter to the appellants for further proceedings, and severed and held in abeyance those branches of the petition/complaint which sought declaratory and injunctive relief.
ORDERED that the judgment is reversed, on the law, with costs, the petition/complaint is denied, and the hybrid proceeding and action is dismissed.
The petitioner/plaintiff (hereinafter the petitioner) purchased the subject property in 2001. In 2004, the Town of Riverhead amended the zoning classification for the subject property, placing it in a "Rural Corridor (RLC) Zoning Use" district, in which retail was not a permitted use of the property. In 2014, the petitioner applied for a use permit to operate a convenience store on the subject property. The Building Department of the Town of Riverhead (hereinafter the Building Department) denied the petitioner's use permit application. The petitioner then commenced this hybrid proceeding pursuant to CPLR article 78 to review the Building Department's determination, and action, inter alia, for a judgment declaring that retail use was allowed on the subject property. The Supreme Court determined that the petitioner was not required to exhaust its administrative remedies before commencing this proceeding/action, and that, based on prior retail use on the subject property, the petitioner had the continued right to use the property for retail purposes. Accordingly, the court entered a judgment which granted the petition, annulled the Building Department's determination, remitted the matter to the appellants for further proceedings, and severed and held in abeyance those branches of the petition/complaint which sought declaratory and injunctive relief.
Contrary to the Supreme Court's conclusion, the petitioner was required to exhaust its administrative remedies before commencing the instant proceeding/action. The petitioner's constitutional challenges to the Building Department's determination did not excuse the petitioner's failure to exhaust its administrative remedies through an appeal to the Zoning Board of Appeals [*2](see Matter of Parkview Assoc. v City of New York, 71 NY2d 274, 283; Matter of Warner v Town of Kent Zoning Bd. of Appeals, 144 AD3d 814, 821; Matter of BBJ Assoc., LLC v Zoning Bd. of Appeals of Town of Kent, 65 AD3d 154, 157 n 1; 563 Grand Med., P.C. v New York State Ins. Dept., 24 AD3d 413, 413). Furthermore, the petitioner did not establish that the Building Department's determination was "wholly beyond its grant of power" or that the pursuit of administrative remedies would cause the petitioner irreparable injury (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57; see Matter of Brunjes v Nocella, 40 AD3d 1088, 1089; Matter of Kostick v Del Castillo, 133 AD2d 759, 759). Accordingly, the petition must be denied and the hybrid proceeding and action must be dismissed.
In light of the foregoing, we do not reach the appellants' remaining contention.
BALKIN, J.P., BARROS, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court