■ WESTCHESTER COUNTY MEDICAL CENTER, Respondent, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [692 NYS2d 665] —In an action to recover no-fault medical payments under two insurance contracts, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Levitt, J.), dated May 21, 1998, which granted the plaintiff's

motion for summary judgment on the complaint, and (2) a judgment of the same court, entered June 16, 1998, which is in favor of the plaintiff and against it in the principal sum of $41,902.82.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, and the plaintiff's motion is denied; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff hospital, as assignee of two patients (nonparties Frances Kruse and Beverly Decker), commenced this action against the defendant to recover no-fault medical payments allegedly due under two contracts of automobile insurance issued by the defendant. After issue was joined and limited disclosure was conducted, the plaintiff moved for summary judgment. The plaintiff alleged that neither claim had been timely paid or denied despite due demand and, thus, each claim was "overdue" within the meaning of the no-fault regulatory scheme (*see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [1]). Accordingly, the plaintiff contended that the defendant was precluded from defending against either claim, and that the claims had accrued interest and attorney's fees (*see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [h], [i]). The Supreme Court granted summary judgment to the plaintiff, and we reverse.

With certain exceptions not relevant here, an insurance company has 30 days from receipt of a completed application to pay or deny in whole or in part a claim for no-fault insurance benefits (*see,* 11 NYCRR 65.15 [g]). This period may be extended by, *inter alia,* a timely demand by the insurance company for further verification of a claim (*see,* 11 NYCRR 65.15 [d] [1]; [e]). Such demands must be made within 10 days of receipt of a completed application (*see,* 11 NYCRR 65.15 [d] [1]). If the demanded verification is not received within 30 days, the insurance company must issue a follow-up letter within 10 days of the insured's failure to respond (*see,* 11 NYCRR 65.15 [e] [2]). A claim need not be paid or denied until all demanded verification is provided (*see,* 11 NYCRR 65.15 [g] [1] [i]).

Here, it is not disputed that the claim concerning Beverly Decker was received by the defendant on April 28, 1997. However, the defendant proffered unrebutted evidence that a timely demand for further verification of the claim was made by letter dated May 1, 1997, and that, when such verification was not received within 30 days, a timely follow-up letter dated June 13, 1997, was mailed. The plaintiff does not dispute that the demanded further verification was never supplied. Thus, the 30-day period in which the defendant had to pay or deny the Decker claim never commenced and, therefore, the defendant's denial of the claim on June 19, 1997, was not untimely. In any event, the basis for the defendant's denial of the claim was that the medical bills for which payment was sought did not concern injuries arising from an automobile accident covered under the subject policy. Thus, even assuming that the denial of the Decker claim was untimely, the defendant would not be precluded from defending against the claim (*see, Central Gen. Hosp. v Chubb Group,* 90 NY2d 195). Moreover, the plaintiff's moving papers failed to establish prima facie entitlement to judgment as a matter of law on its claim that the injuries for which payment was sought arose from an automobile accident covered under the subject policy. Therefore, summary judgment should not have been granted to the plaintiff on this claim regardless of the sufficiency of the defendant's proof in opposition thereto (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851).

The claim concerning Frances Kruse was received by the defendant on May 2, 1997. However, the plaintiff does not dispute that the defendant made a timely demand for further verification of the claim on May 12, 1997, and that, when such verification was not received within 30 days, a timely follow-up letter dated June 16, 1997, was mailed. The plaintiff argues that the defendant's May 12th and June 16th demands were so lacking in specificity as to be "unintelligible" and that such demands were, therefore, nullities. However, the notices clearly constituted demands for further verification of the claim within the no-fault regulatory scheme. Any confusion on the part of the plaintiff as to what was being sought should have been addressed by further communication, not inaction. Accordingly, as the plaintiff does not dispute that the demanded verification was never supplied, the 30-day period in which the defendant had to pay or deny the Kruse claim never commenced and that claim is not overdue.

The parties' remaining contentions lack merit. Ritter, J. P., Altman, Krausman and Florio, JJ., concur.