■ NEW YORK & PRESBYTERIAN HOSPITAL, Respondent, et al., Plaintiff, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant. [733 NYS2d 80] —In an action to recover no-fault medical payments under an insurance contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated June 22, 2000, as granted that branch of the motion of the plaintiff New York & Presbyterian Hospital, as assignee of Alvaro Glenn, which was for summary judgment on the cause of action to recover no-fault medical payments allegedly due for Glenn's hospital bill.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the respondent's motion which was for summary judgment on the cause of action to recover no-fault medical payments allegedly due for Alvaro Glenn's hospital bill is denied.

Alvaro Glenn was treated at the respondent hospital for injuries he allegedly sustained as the result of being struck by a motor vehicle on July 2, 1999. On September 28, 1999, the respondent, as assignee of Alvaro Glenn, submitted to the defendant insurer a no-fault billing form N-F5, a UB-92, and a DRG Master Output Report, seeking payment of the $13,047.00 hospital bill. These forms were received by the defendant on September 29, 1999.

By letter dated October 5, 1999, the defendant requested the complete medical records and written reports from the respondent. When the defendant failed to receive the requested information, it sent the respondent a follow-up letter dated November 1, 1999, reiterating its request. The respondent did not provide the requested information, and the defendant did not pay the claim or issue a denial of claim form.

On November 22, 1999, the respondent, as assignee of Glenn, commenced this action, *inter alia*, to recover the no-fault medical payments allegedly due for Glenn's hospital bill under the defendant's insurance contract. After issue was joined, the respondent moved, *inter alia*, for summary judgment on the cause of action to recover the payments allegedly due for Glenn's hospital bill on the ground that the defendant had failed to is-

sue a denial of claim form within 30 days of receiving the no-fault claim as required by Insurance Law § 5106 (a). In opposition, the defendant argued that the 30-day period within which the claim had to be either paid or denied had been tolled by its timely request for further verification of the claim pursuant to 11 NYCRR 65.15 (d). In reply, the respondent countered that the defendant's request for additional information did not toll the 30-day period because the verification request was not made on the forms prescribed by 11 NYCRR 65.15. The Supreme Court granted the respondent summary judgment on the cause of action to recover the payments allegedly due for Glenn's hospital bill. We reverse.

Under the Insurance Law and the regulations promulgated by the Superintendent of Insurance, an insurer must either pay or deny a claim for no-fault benefits, in whole or in part, within 30 days of the date an applicant's proof of claim is received (*see,* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [3]). This 30-day period may be extended by an insurer's timely request for further verification of the claim (*see,* 11 NYCRR 65.15 [d], [e]). If the requested verification is not received within 30 days, the insurer must send a follow-up letter within 10 days thereafter (*see,* 11 NYCRR 65.15 [e] [2]). An insurer does not have to pay or deny a claim until it has received verification of all relevant information requested (*see,* 11 NYCRR 65.15 [g] [1] [i]; [2] [iii]).

Here, the defendant timely requested additional verification of the claim from the respondent by letter dated October 5, 1999, and when such verification was not received within 30 days, it sent a timely follow-up letter dated November 1, 1999 (*see,* 11 NYCRR 65.15 [d] [2]; [e] [2]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553). Since the respondent did not supply the additional verification of the claim, the 30-day period in which the defendant had to either pay or deny the claim did not begin to run (*see,* 11 NYCRR 65.15 [g] [1] [i]; [2] [iii]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra*). Therefore, the Supreme Court should have denied that branch of the respondent's motion which was for summary judgment on the cause of action to recover no-fault medical payments allegedly due for Glenn's hospital bill.

Contrary to the respondent's contention, the denial of summary judgment here is not inconsistent with this Court's decisions in *Mount Sinai Hosp. v Triboro Coach* (263 AD2d 11), and *Presbyterian Hosp. v Atlanta Cas. Co.* (210 AD2d 210). In those cases, the timing of the letters sent by the insurers, not

the form of the letters sent, were at issue. Similarly, the respondent's reliance on *Presbyterian Hosp. v Maryland Cas. Co.* (90 NY2d 274), is misplaced, as the Court of Appeals addressed a denial of coverage based on the statutory exclusion of intoxication and a series of timing regulations not relevant to this appeal. In any event, the Court of Appeals stated that whether "the pertinent forms relate to the specific problem underlying this case is irrelevant, since the carrier chose to sit on its rights and do nothing in this respect" (*Presbyterian Hosp. v Maryland Cas. Co., supra,* at 280). Here, the defendant did not sit on its rights, but rather promptly requested additional verification of the claim.

With respect to the defendant's remaining arguments, we find that its failure to object to the adequacy of the respondent's claim forms within 10 days of receipt constituted a waiver of any defenses based thereon (*see,* 11 NYCRR 65.15 [d]; *Mount Sinai Hosp. v Triboro Coach, supra*; *Presbyterian Hosp. v Aetna Cas. & Sur. Co.,* 233 AD2d 431, 433; *St. Clare's Hosp. v Allcity Ins. Co.,* 201 AD2d 718, 720). O'Brien, J. P., Luciano, Schmidt and Adams, JJ., concur.