■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS, as Assignee of HOONYIE YEOW, et al., Respondents, v STATE FARM

MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant. [741 NYS2d 86] —In an action to recover no-fault medical payments under an automobile insurance policy, the defendant appeals from (1) an order of the Supreme Court, Rockland County (Nelson, J.), dated January 19, 2001, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated January 23, 2001, which is in favor of the plaintiff and against it in the principal sum of $7,828.56.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order is vacated, the motion is denied, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On February 21, 2000, George Varghese was hospitalized at Nyack Hospital (hereinafter the hospital) after being injured in an automobile accident. He had been driving a vehicle insured by State Farm Mutual Automobile Insurance Company (hereinafter State Farm). On March 9, 2000, the hospital, as Varghese's assignee, sent NF-5 and UB-92 forms to State Farm seeking payment of Varghese's hospital bill, pursuant to the No-Fault Law. State Farm received the forms on March 13, 2000, and on March 21, 2000, sent a letter to the hospital's attorney, requesting Varghese's hospital records. The records were not forwarded, and on April 21, 2000, State Farm sent a follow-up request to the hospital's attorney.

The hospital then commenced this action for payment of its bill, and moved for summary judgment alleging that State Farm was precluded from defending against the claim due to its failure to either pay or deny it within 30 days of receiving the NF-5 and UB-92 forms. State Farm opposed the hospital's motion, and cross-moved for summary judgment, arguing that the 30-day period in which to pay or deny the claim was tolled by its requests for additional verification, which went unanswered by the hospital. Annexed to State Farm's cross motion were copies of Varghese's hospital records, which had been received in the course of this litigation, and which established

that Varghese was intoxicated upon his admission to the hospital immediately after the accident. State Farm also submitted proof that Varghese was convicted of driving while intoxicated as a felony in connection with the accident. On August 2, 2000, two days after State Farm received Varghese's hospital records, it sent the hospital a denial of the claim, based upon the intoxication exclusion in the policy issued to its insured.

"With certain exceptions not relevant here, an insurance company has 30 days from receipt of a completed application to pay or deny in whole or in part a claim for no-fault insurance benefits (*see*, 11 NYCRR 65.15 [g]). This period may be extended by, *inter alia*, a timely demand by the insurance company for further verification of a claim (*see*, 11 NYCRR 65.15 [d] [1]; [e]) * * * If the demanded verification is not received within 30 days, the insurance company must issue a follow-up letter within 10 days of the insured's failure to respond (*see*, 11 NYCRR 65.15 [e] [2])" (*Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554).

Here, the hospital does not dispute that State Farm sent a timely request for further verification of the claim, and a timely follow-up request. Rather, the hospital argues that State Farm's requests for additional verification did not toll the 30-day period in which to pay or deny the claim, because they were not made on prescribed forms, and were addressed to the hospital's attorney, instead of directly to the hospital.

Pursuant to 11 NYCRR 65.15 (g) (7), "if an insurer has reason to believe that the applicant was operating a motor vehicle while intoxicated * * * and such intoxication * * * was a contributing cause of the automobile accident, the insurer shall be entitled to all available information relating to the applicant's condition at the time of the accident. Proof of a claim shall not be complete until the information which has been requested, pursuant to paragraph (d) (1) or (2) of this section, has been furnished to the insurer by the applicant or the [applicant's] authorized representative."

We reject the hospital's argument that State Farm's timely requests for Varghese's hospital records were ineffective to toll its time to pay or deny the claim because they were made by letter, rather than by prescribed form (*see New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra*). Further, since the NF-5 and UB-92 forms sent to State Farm by the hospital stated that all inquiries should be directed to its attorney's office, the hospital's attorney was its authorized

representative for the purposes of receiving and responding to requests for further verification of the claim. Finally, even if State Farm's request for the hospital records should have been sent directly to the hospital, its attorney, upon receiving the requests, should have contacted State Farm and communicated that requirement, or forwarded State Farm's requests to the hospital himself (*see Westchester County Med. Ctr. v New York Cent. Fire Ins. Co., supra*).

Since the hospital does not argue that the intoxication exclusion in the insurance policy is not applicable, State Farm is entitled to summary judgment dismissing the complaint. S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.