■ NEW YORK HOSPITAL MEDICAL CENTER OF QUEENS et al., Appellants, v COUNTRY-WIDE INSURANCE COMPANY, Respondent. [744 NYS2d 201] —In an action to recover four separate no-fault medical payments under a uniform contract of insurance, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Dunne, J.), dated April 26, 2001, as denied their motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment on the third and fourth causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant New York and Presbyterian Hospital, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The plaintiff New York Hospital Medical Center of Queens (hereinafter the Medical Center), as assignee of two patients, Shian Peng and Adela Arostegui, and the plaintiff New York and Presbyterian Hospital (hereinafter Presbyterian Hospital), as assignee of one patient, Jacy Fong, commenced this action against the defendant to recover four separate no-fault medical payments allegedly due under a uniform contract of insurance issued by the defendant. After issue was joined, the plaintiffs

moved for summary judgment. As to the first cause of action, the Medical Center alleged that it was entitled to summary judgment because the claim submitted on behalf of Shian Peng had not been timely paid or denied despite due demand and, thus, the claim was "overdue" within the meaning of the no-fault regulatory scheme (*see* Insurance Law § 5106 [a]; 11 NYCRR 65.15 [g] [1]). The Medical Center also argued that it was entitled to summary judgment on the second cause of action in connection with the claim of Adela Arostegui, on the ground that, among other things, the defendant made partial payment but failed to issue a timely denial of claim form for the remainder of the claim.

Similarly, Presbyterian Hospital argued that the defendant's partial payment of the two claims submitted for Jacy Fong, and its failure to issue timely denials of claims, precluded the defendant from asserting defenses to the third and fourth causes of action.

The Insurance Law and regulations promulgated thereunder provide that "[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part" (11 NYCRR 65.15 [g] [3]; *see* Insurance Law § 5106 [a]). This 30-day period may be extended by, inter alia, a timely demand by the insurance company for further verification of a claim (*see* 11 NYCRR 65.15 [d] [1]; [e]). Such a demand must be made within 10 days of receipt of a completed application (*see* 11 NYCRR 65.15 [d] [1]). If the demanded verification is not received within 30 days, the insurance company must issue a follow-up request within 10 days of the insured's failure to respond (*see* 11 NYCRR 65.15 [e] [2]). A claim need not be paid or denied until all demanded verification is provided (*see* 11 NYCRR 65.15 [g] [1] [i]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554). No-fault benefits are overdue, however, if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to 11 NYCRR 65.15 (d) (*see* 11 NYCRR 65.15 [g] [1] [i]). The failure to issue a denial of claim within the 30-day time limit prescribed by 11 NYCRR 65.15 (g) (3) and Insurance Law § 5106 (a) precludes an insurer from interposing a statutory exclusion defense (*see* *Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.*, 90 NY2d 274, 282; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 16; *Presbyterian Hosp. v Atlanta Cas. Co.*, 210 AD2d 210, 211; *St. Clare's Hosp. v Allcity Ins. Co.*, 201 AD2d 718, 720).

Here, there is a factual dispute as to when Shian Peng's claim was properly submitted and whether the defendant's

verification requests are, in fact, pending, based upon the affidavit of a representative of the Medical Center that it did not receive any verification requests from the defendant. The evidence submitted by the Medical Center in support of that branch of the motion which was for summary judgment on the first cause of action satisfied its burden of establishing entitlement to judgment as a matter of law in the first instance (*see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). However, in opposition to the motion, the defendant submitted admissible evidence which raised triable issues of fact as to the date on which the Medical Center mailed the no-fault claims to the defendant and whether verification requests, which would serve to extend the defendant's time within which to pay or deny the claim, were pending. Thus, the Supreme Court properly denied summary judgment as to the first cause of action.

On the second cause of action relating to the claim of Adela Arostegui, the same factual dispute exists as to the date on which the Medical Center mailed the no-fault claims to the defendant and whether verification requests were pending. The defendant admits, however, that it paid part of this claim on April 5, 2000. The claim was not paid in its entirety because, according to the defendant, the Medical Center billed under the wrong "DRG" code. The defendant made payment under what it considered the correct DRG code according to the medical evidence it received. The defendant does not dispute that it did not issue a denial of claim form in accordance with 11 NYCRR 65.15 (g) (3) for that portion of the claim which it determined was improperly billed. The defendant argues that it could not issue a denial of claim form while the verification request was pending.

The insurance regulations provide that "an insurer shall not issue a denial of claim form (NYS Form N-F 10) prior to its receipt of verification of all of the relevant information requested pursuant to [11 NYCRR 65.15] (d)" (11 NYCRR 65.15 [g] [2] [iii]). Thus, despite the defendant's partial payment of the claim asserted in the second cause of action, the regulations preclude the defendant from issuing a denial of the remainder of the claim if, in fact, there is a pending verification request for this claim. The defendant raised triable issues of fact in connection with the second cause of action and, therefore, summary judgment was properly denied.

On the third and fourth causes of action asserted by Presbyterian Hospital in connection with the claims of Jacy Fong, the defendant paid the claims in part, albeit belatedly, and failed

to issue a denial of claim form for the remainder of the claims. The defendant claims that, as to the third cause of action, Presbyterian Hospital billed under the wrong DRG code, and as to the fourth cause of action, it used the wrong "Hospital Case Mix Neutral Average Rate." Unlike the claims filed by the Medical Center, it is undisputed that there were no pending verification requests on the Presbyterian Hospital claims. Thus, the defendant is precluded from raising these defenses based upon its failure to issue denial of claim forms within 30 days of its receipt of the claims as required by 11 NYCRR 65.15 (g) (3) (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., supra* at 282; *Bonetti v Integon Natl. Ins. Co.,* 269 AD2d 413, 414; *St. Clare's Hosp. v Allcity Ins. Co., supra* at 720).

In sum, the motion for summary judgment should have been granted as to the third and fourth causes of action. In accordance with Insurance Law § 5106 (a) and 11 NYCRR 65.15 (h) and (i), the plaintiff Presbyterian Hospital is entitled to statutory interest on the overdue claims and an award of a reasonable attorney's fee. The matter is remitted to the Supreme Court, Nassau County, for severance and continuance of the first and second causes of action, a hearing on the reasonable attorney's fee due Presbyterian Hospital, and entry of judgment on the third and fourth causes of action. Prudenti, P.J., Altman, S. Miller and Crane, JJ., concur.