■ St. Vincent's Hospital of Richmond, Respondent, et al., Plaintiff, v American Transit Insurance Company, Appellant. [750 NYS2d 98] —In an action to recover no-fault medical payments under a uniform contract of insurance, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated November 14, 2001, which granted the motion of the plaintiff St. Vincent's Hospital of Richmond for summary judgment on the first and second causes of action and denied its cross motion for summary judgment dismissing

the complaint, and (2) a judgment of the same court, dated January 8, 2002, which is in favor of the plaintiff St. Vincent's Hospital of Richmond and against it on the first and second causes of action. The notice of appeal from the order dated November 14, 2001, is deemed also to be a notice of appeal from the judgment dated January 8, 2002 (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the order dated November 14, 2001, is vacated, the motion is denied, the cross motion is granted, and the complaint is dismissed; and it is further,

Ordered that one bill of costs is awarded to the appellant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff St. Vincent's Hospital of Richmond (hereinafter the hospital), among others, commenced this action, as assignee of two claims, to recover no-fault medical payments allegedly due for hospital bills under an insurance contract. The hospital moved for summary judgment on the first and second causes of action arguing that the defendant, American Transit Insurance Company (hereinafter American Transit), failed to either pay or deny the claims within 30 days of its receipt of proof of the claims. American Transit cross-moved for summary judgment dismissing the complaint on the ground that it timely sent letters and follow-up letters requesting additional verification, to which the hospital did not respond. American Transit argued that the time within which it had either to pay or deny the claims did not begin to run and, therefore, the hospital's commencement of this action was premature.

The Supreme Court erred in granting the hospital's motion for summary judgment and in denying American Transit's cross motion for summary judgment. The hospital's argument that American Transit's timely requests for the assignors' hospital records were ineffective to toll its time to pay or deny the claims because they were made by letter rather than by prescribed form is without merit (*see Nyack Hosp. v Progressive Cas. Ins. Co.,* 296 AD2d 482; *New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co.,* 293 AD2d 588, 590; *New York & Presbyt. Hosp. v American Tr. Ins. Co.,* 287 AD2d 699, 700-701). The hospital forms sent to American Transit

stated that all inquiries should be directed to its attorney's office. Thus, the hospital's attorney was its authorized representative for the purposes of receiving and responding to requests for further verification of the claims (*see New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co., supra* at 590-591). Even if American Transit's request for the hospital records should have been sent directly to the hospital, its attorney, upon receiving the requests, should have contacted American Transit and communicated that requirement, or forwarded American Transit's requests to the hospital himself (*see New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co., supra* at 591; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.,* 262 AD2d 553, 555).

An insurer is not obligated to pay or deny a claim until it has received verification of all relevant information requested (*see* 11 NYCRR 65.15 [g] [1] [i]; [2] [iii]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.,* 295 AD2d 583; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra* at 554). It is undisputed that the hospital failed to respond to American Transit's timely verification requests. Accordingly, the 30-day period within which American Transit was required to respond did not begin to run and the Supreme Court should have dismissed the complaint. Smith, J.P., McGinity, Luciano and Crane, JJ., concur.