In an action, inter alia, to recover no-fault benefit payments under an automobile insurance policy, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered January 2, 2003, as denied that branch of his motion which was for summary judgment on his cause of action against the defendant Progressive Insurance Company to recover no-fault benefit payments for lost wages.
Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff alleges that he is entitled to summary judgment against the defendant Progressive Insurance Company (hereinafter Progressive), regarding his cause of action to recover no-fault benefit payments for lost wages because Progressive did not pay or deny this claim within the 30-day period set forth in the Insurance Law (see Insurance Law § 5106; 11 NYCRR 65.15 [g] [3]). However, the plaintiff did not make a prima facie showing of entitlement to judgment as a matter of law since he failed to demonstrate the absence of any triable issue of fact regarding Progressive’s alleged failure to comply with the applicable Insurance Law regulations governing the payment or denial of his no-fault claim (see Insurance Law § 5106; 11 NYCRR 65.15; Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co., 90 NY2d 274 [1997]; New York & Presbyt. Hosp. v American Tr. Ins. Co., *491 287 AD2d 699 [2001]). Accordingly, the Supreme Court properly denied that branch of the plaintiffs motion which was for summary judgment on his cause of action to recover no-fault benefit payments for lost wages (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Santucci, J.E, Luciano, Schmidt and Cozier, JJ, concur.