■ NEW YORK UNIVERSITY HOSPITAL TISCH INSTITUTE, as Assignee of OMA KOMAR, et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [771 NYS2d 715]—

In an action to recover two separate no-fault medical payments under a uniform contract of insurance, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated July 11, 2003, as denied that branch of their motion which was for summary judgment on the second cause of action and granted the defendant's cross motion for summary judgment dismissing the second cause of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment on the second cause of action is granted, and the cross motion is denied.

The defendant failed to reject the claim of the plaintiff Mary Immaculate Hospital for payment of no-fault benefits within the 30-day period prescribed by Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (c). Under the circumstances, the defendant was precluded from disclaiming coverage (*see Presbyterian Hosp. in City of N.Y. v Maryland Cas. Co.,* 90 NY2d 274, 281 [1997]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.,* 295 AD2d 583 [2002]; *New York & Presbyt. Hosp. v Empire Ins. Co.,* 295 AD2d 325 [2002]; *New York & Presbyt. Hosp. v Empire Ins. Co.,* 286 AD2d 322 [2001]; *Mount Sinai Hosp. v Triboro Coach,* 263 AD2d 11, 16 [1999]). Thus, that branch of the motion which was for summary judgment on the second cause of action should have been granted, and the cross motion should have been denied. Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.