■ New York & Presbyterian Hospital et al., Respondents, v Progressive Casualty Insurance Company, Appellant. [774 NYS2d 72]—

In an action to recover no-fault medical payments under five insurance contracts, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Joseph, J.), dated December 20, 2002, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint, and (2) a judgment of the same court dated December 27, 2002, which is in favor of the plaintiffs and against it in the principal sum of $37,040.67.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, those branches of the plaintiffs' motion which were for summary judgment on their first, second, and fifth causes of action are denied, those branches of the defendant's cross motion which were for summary judgment dismissing the first and fifth causes of action are granted, and the order dated December 20, 2002, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

This action was commenced by three hospitals to recover unpaid no-fault benefits from the defendant Progressive Casualty Insurance Company (hereinafter Progressive), arising from five separate automobile accidents involving persons and/or vehicles it allegedly insured. The Supreme Court granted the plaintiffs' motion for summary judgment.

The Insurance Law and regulations promulgated thereunder provide that "[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part" (11 NYCRR 65.15 [g] [3]; see Insurance Law § 5106 [a]). This 30-day period may be extended by, inter alia, a timely demand by the insurance company for further verification of a claim (see 11 NYCRR 65.15 [d] [1]; [e]). Such a demand must be

made within 10 days of receipt of a completed application (*see* 11 NYCRR 65.15 [d] [1]). If the demanded verification is not received within 30 days, the insurance company must issue a follow-up request within 10 days of the insured's failure to respond (*see* 11 NYCRR 65.15 [e] [2]). A claim need not be paid or denied until all demanded verification is provided (*see* 11 NYCRR 65.15 [g] [1] [i]; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554 [1999]). When a hospital fails to respond to a verification request, the 30-day period in which to pay or deny the claim does not begin to run, and any claim for payment by the hospital is premature (*see St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002]; *Nyack Hosp. v Progressive Cas. Ins. Co.*, 296 AD2d 482, 483 [2002]; *New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co.*, 293 AD2d 588, 590 [2002]). No-fault benefits are overdue, however, if not paid within 30 calendar days after the insurer receives verification of all of the relevant information requested pursuant to 11 NYCRR 65.15 (d) (*see* 11 NYCRR 65.15 [g] [1] [i]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.*, 295 AD2d 583, 584 [2002]). Additionally, when a claim is submitted, an insurer will be liable only if there is insurance to cover the claim. An insurer is not required to pay a claim where the policy limits have been exhausted (*see St. Vincent's Hosp. & Med. Ctr. v Allstate Ins. Co.*, 294 AD2d 425 [2002]).

Applying these rules to the facts of this case, the Supreme Court correctly granted those branches of the plaintiffs' motion which were for summary judgment on the third and fourth causes of action concerning the Sharon Brown and Richard Bochert claims. The plaintiffs demonstrated their entitlement to summary judgment as to each of those causes of action by proving that they submitted the requisite documents for payment, but Progressive neither paid nor denied the claims, nor requested verification within the requisite periods. In opposition, Progressive failed to demonstrate the existence of a triable issue of fact. As to the Brown claim, Progressive offered only conclusory hearsay assertions of telephonic verification requests, unsupported by an affidavit of a representative with personal knowledge. As to the Bochert claim, Progressive proffered prior verification requests relevant to a different claim.

The Supreme Court erred in granting the plaintiffs' motion as to the Byung Park claim pled in the second cause of action. In opposition to the plaintiffs' prima facie showing, Progressive demonstrated the existence of a triable issue of fact as to whether the verification requests it submitted related to the same claim as was pleaded in the second cause of action.

The Supreme Court also erred in granting those branches of the plaintiffs' motion which were for summary judgment on their first and fifth causes of action concerning the Thomas Salese and Margarita Bonilla claims. Furthermore, the court should have granted Progressive's cross motion for summary judgment dismissing those causes of action. Progressive demonstrated, as a matter of law, that it paid the Salese claim up to the pertinent policy limits, and was not obligated to pay the claim in full (see St. Vincent's Hosp. & Med. Ctr. v Allstate Ins. Co., supra at 425-426; cf. Nyack Hosp. v Progressive Cas. Ins. Co., supra). As to the Bonilla claim, Progressive established that it did not issue a policy of insurance covering that claim. Notwithstanding that Progressive did not notify the plaintiff Westchester Medical Center of its noncoverage of this claim, Progressive properly proved its freedom from liability thereon (see Central Gen. Hosp. v Chubb Group of Ins. Cos., 90 NY2d 195, 199 [1997]; Zappone v Home Ins. Co., 55 NY2d 131, 134 [1982]; Matter of Metro Med. Diagnostics v Eagle Ins. Co., 293 AD2d 751 [2002]).

We do not consider Progressive's contention that the five claims herein were improperly joined, as this contention was raised for the first time on appeal (see Matter of DelGaudio v Aetna Ins. Co., 262 AD2d 641 [1999]; M.S.N.S. Holding Corp. v City of New York, 253 AD2d 793, 794 [1998]; Matter of Matarrese v New York City Health & Hosps. Corp., 247 AD2d 475, 476 [1998]; cf. Weiner v MKVII-Westchester, 292 AD2d 597, 598 [2002]; Libeson v Copy Realty Corp., 167 AD2d 376, 377 [1990]). S. Miller, J.P., H. Miller, Crane and Rivera, JJ., concur.