[808 NYS2d 399]

Nyack Hospital, as Assignee of Allen Zadwydas, et al., Appellants, v General Motors Acceptance Corporation et al., Respondents.

Second Department, December 27, 2005

**APPEARANCES OF COUNSEL**

*Joseph Henig, P.C.,* Bellmore, for appellants.

*Freiberg & Peck, LLP,* New York City (*Craig J. Freiberg* and *Matthew E. Schaefer* of counsel), for respondents.

**OPINION OF THE COURT**

COZIER, J.

The issue before us is whether an insurer violates 11 NYCRR 65-3.15, the insurance regulation governing priority of payments, by paying no-fault claims of other health providers for services rendered following the assignee's initial treatment where such claims are submitted after the assignee's initial claim and while verification of the assignee's initial claim is pending. We hold that under the circumstances presented, the insurer did not violate 11 NYCRR 65-3.15, as the assignee's initial claim was premature when submitted, and was not complete until the insurer received additional verification of the claim.

## FACTUAL BACKGROUND

Nyack Hospital (hereinafter the plaintiff) treated Allen Zadwydas (hereinafter Allen) from July 15, 2003, through August 6, 2003, for injuries he sustained in a motor vehicle accident. At the time of the accident, Allen was a covered person under an automobile insurance policy issued by the insurer defendants General Motors Acceptance Corporation and GMAC Insurance Company Online, Inc. (hereinafter the defendants). The subject policy, which included a New York State no-fault endorsement, provided, inter alia, coverage for basic economic loss up to $50,000 per person/per accident, with additional Optional Basic Economic Loss (hereinafter OBEL) coverage of $25,000 per person.

The plaintiff, as assignee of Allen, submitted to the defendants, by certified mail, return receipt requested, a hospital fa-

cility form (hereinafter NF-5) and a UB-92 form, requesting payment of the $74,489.28 hospital bill. The certified mail return receipt form indicates that the defendants received the aforementioned documents on August 20, 2003. In December 2003 the plaintiff commenced this action to recover no-fault medical payments under the subject policy in the sum of $74,489.28, together with statutory interest and an award of an attorney's fee. After joinder of issue, the plaintiff moved for summary judgment in its favor on the cause of action to recover no-fault medical payments allegedly due for Allen's hospital bill. The plaintiff submitted evidence establishing that the defendants failed to either forward payment or issue a denial of claim form within 30 days after receiving the subject hospital bill, as required by Insurance Law § 5106 (a) and 11 NYCRR 65-3.8 (a) (1). Further, the plaintiff submitted documentary proof that in December 2003 the defendants remitted a partial payment of $19,325.67, and that the remaining hospital bill balance of $55,163.61 remained unpaid.

The defendants cross-moved, inter alia, for summary judgment dismissing the cause of action the plaintiff asserted against them. The defendants argued that the policy limits had been exhausted through payment of no-fault claims submitted by other health care providers, as well as a final partial payment to the plaintiff in the sum of $19,325.67, and that there was no coverage available for the remaining hospital bill balance of $55,163.61.

The defendants also argued that the 30-day time frame in which to either pay or deny the claim was tolled by the verification request they forwarded to the plaintiff on September 12, 2003. The defendants requested Allen's complete inpatient hospital records as additional verification to determine whether to pay or deny the claim, and to assess the medical necessity of the services rendered. According to the defendants, the 30-day period commenced on October 20, 2003, when they received Allen's complete inpatient hospital records, which constituted complete proof of the plaintiff's claim.

The defendants submitted a payment log establishing that following receipt of the NF-5 form and the UB-92 form, and prior to October 20, 2003, they paid $29,811.12 in satisfaction of bills submitted by other health care providers for medical services provided to Allen following the plaintiff's medical treatment, as well as payment requests by Allen for his lost wages.

The defendants' payment log indicated, inter alia, that from July 30, 2003, through August 19, 2003, prior to the defendants'

August 20, 2003, receipt of the plaintiff's initial claim, the defendants received bills from other health care providers for medical services rendered after the plaintiff's treatment. The payment log also indicated that from August 22, 2003, through September 13, 2003, following the defendants' August 20, 2003, receipt of the plaintiff's initial claim and prior to the defendants' October 20, 2003, receipt of the plaintiff's completed claim, the defendants received additional bills from other health care providers for medical services rendered after the plaintiff's treatment. During this latter time frame, the defendants also received from Allen payment requests for lost wages. Further, the defendants established that as of October 20, 2003, the balance under the subject policy was $20,188.88, after paying claims submitted by other health care providers.

The defendants also proferred evidence that upon their receipt of the plaintiff's completed claim in the sum of $74,489.28 on October 20, 2003, they were required by 11 NYCRR 65-3.7 (b) to forward to Allen within 15 days of receiving such claim, an OBEL form for him to elect the manner in which OBEL coverage would be applied. The defendants' documentary evidence further established that on November 24, 2003, they received from Allen the OBEL form, indicating that he elected coverage for lost earnings. According to the defendants, after paying OBEL coverage, the remaining balance under the subject policy was $19,325.67.

Moreover, the documentary evidence confirmed that on December 8, 2003, the defendants forwarded to the plaintiff the sum of $19,325.67 for health care provider expenses, and on December 9, 2003, denied payment of the remaining balance of $55,163.61 on the ground that the policy limits had been exhausted. Accordingly, the defendants argued that the evidence demonstrated that the plaintiff was not entitled to judgment for the remaining balance of the policy since the policy limits had been exhausted by the defendants' payment of bills submitted by other health care providers, as well as the defendants' final partial payment to the plaintiff in the sum of $19,325.67.

The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment in its favor on the cause of action to recover no-fault medical benefits allegedly due for Allen's hospital bill, and granted that branch of the defendants' cross motion which was for summary judgment dismissing that cause of action.

## DISCUSSION

Insurance Law § 5106 (a) and the regulations promulgated thereunder provide that "[w]ithin 30 calendar days after proof of claim is received, the insurer shall either pay or deny the claim in whole or in part" (11 NYCRR 65-3.8 [c]; *see* Insurance Law § 5106 [a]). Here, the plaintiff established its prima facie entitlement to summary judgment by demonstrating that the defendants received the subject billing forms, and failed to either pay or deny the claim within the requisite statutory time frame (*see Nyack Hosp. v Metropolitan Prop. & Cas. Ins. Co.*, 16 AD3d 564 [2005], *lv denied* 5 NY3d 713 [2005]; *New York & Presbyt. Hosp. v Allstate Ins. Co.*, 12 AD3d 579 [2004]; *Mary Immaculate Hosp. v Allstate Ins. Co.*, 5 AD3d 742 [2004]; *St. Luke's Roosevelt Hosp. v American Tr. Ins. Co.*, 1 AD3d 498 [2003]).

However, the 30-day period in which to either pay or deny a claim may be extended where the insurer submits within 15 business days of its receipt of the claim, a request for additional verification (*see* 11 NYCRR 65-3.5 [b]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co.*, 295 AD2d 583, 584-585 [2002]; *New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699, 700 [2001]). Here, the defendants presented evidence in opposition to the motion and in support of their cross motion demonstrating that the request for the complete inpatient hospital records mailed to the plaintiff on September 12, 2003, resulted in an extension of the 30-day statutory period (*see* 11 NYCRR 65-3.5 [b]; *New York Hosp. Med. Ctr. of Queens v Country-Wide Ins. Co., supra* at 584-585; *New York & Presbyt. Hosp. v American Tr. Ins. Co., supra* at 700).

Contrary to the plaintiff's contention, the fact that the defendants mailed the request for additional verification two days beyond the 15-day period did not render the request invalid. Rather, 11 NYCRR 65-3.8 (j) provides that "[f]or the purposes of counting the 30 calendar days after proof of claim . . . any deviation from the rules set out in this section shall reduce the 30 calendar days allowed." Therefore, inasmuch as the defendants mailed the request for additional verification two days beyond the 15-day period, the time within which the defendants had to either pay or deny the claim was reduced from 30 to 28 days.

11 NYCRR 65-3.5 (c) provides that "[t]he insurer is entitled to receive all items necessary to verify the claim directly from the parties from whom such verification was requested." As the defendants correctly maintain, a claim need not be paid or

denied until all demanded verification is provided (*see* 11 NYCRR 65-3.8 [a] [1]; [b] [3]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 19 AD3d 569 [2005]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 570 [2004]; *New York & Presbyt. Hosp. v American Tr. Ins. Co., supra* at 700; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co.*, 262 AD2d 553, 554 [1999]). Accordingly, the 28-day period in which to pay or deny the claim did not begin to run until October 20, 2003, when the defendants received the additional verification, and the plaintiff's claim for payment was premature prior to this date (*see Nyack Hosp. v State Farm Mut. Auto. Ins. Co., supra; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002]; *Nyack Hosp. v Progressive Cas. Ins. Co.*, 296 AD2d 482, 483 [2002]).

However, the defendants' 28-day period was further tolled by the defendants' October 20, 2003, receipt of claims aggregating in excess of $30,000 for basic economic loss. Once the defendants received the plaintiff's completed claim in the sum of $74,489.28 on October 20, 2003, they were required to forward to Allen within 15 days of receiving such claim, an OBEL form for him to elect the manner in which OBEL coverage would be applied (*see* 11 NYCRR 65-3.7 [b]). Here, the evidence demonstrated that on November 11, 2003, the defendants timely forwarded an OBEL form to Allen, which was returned to the defendants on November 24, 2003.

As the defendants correctly contend, they were required to defer payment of OBEL benefits for claims submitted by or on Allen's behalf until he elected the manner in which OBEL coverage would be applied (*see* 11 NYCRR 65-3.8 [a] [2]). Therefore, the defendants could not forward any payments until after its November 24, 2003, receipt of Allen's OBEL election form, and the defendants had 28 days from that date to verify the plaintiff's claim.

Prior to the defendants' receipt of the plaintiff's completed claim on October 20, 2003, the defendants paid other claims totaling $29,811.12. Once the defendants paid OBEL benefits to Allen for lost earnings, the remaining balance under the policy was $19,325.67. Although the defendants forwarded to the plaintiff the sum of $19,325.67 for health care provider expenses, they were not required to pay the remaining hospital bill balance of $55,163.61, as the policy limits had been exhausted by the defendants' partial payment to the plaintiff (*see Hospital*

*for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570). "[W]here as here, an insurer has paid the full monetary limits set forth in the policy, its duties under the contract of insurance cease" (*Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co.*, 216 AD2d 448, 448 [1995]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., supra*).

The plaintiff maintains that the defendants violated 11 NYCRR 65-3.15, which govern the priority of payments, by paying claims submitted subsequent to its initial claim which were for medical services rendered after its treatment of Allen.

11 NYCRR 65-3.15 states:

> "[w]hen claims aggregate to more than $50,000, *payments for basic economic loss shall be made to the applicant and/or an assignee in the order in which each service was rendered or each expense was incurred, provided claims therefor were made to the insurer prior to the exhaustion of the $50,000. If the insurer pays the $50,000 before receiving claims for services rendered prior in time to those which were paid, the insurer will not be liable to pay such late claims.* If the insurer receives claims of a number of providers of services, at the same time, the payments shall be made in the order of rendition of services." (Emphasis added.)

However, it is well settled that "[n]o-fault benefits are overdue if not paid within 30 calendar days after the insurer receives proof of claim, *which shall include verification of all of the relevant information requested* " (11 NYCRR 65-3.8 [a] [1] [emphasis added]).

Here, the plaintiff's initial claim for payment was premature, and was not complete until the defendants received additional verification of the claim on October 20, 2003 (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co., supra* at 340; *Nyack Hosp. v Progressive Cas. Ins. Co., supra* at 483). The defendants were not required to either pay or deny the plaintiff's claim until they received the requested verification (*see New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570; *New York Hosp. Med. Ctr. of Queens v County-Wide Ins. Co., supra* at 584; *Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., supra* at 554).

However, once the defendants received the requested verification, they were precluded from submitting any payment until

the defendants received the OBEL election form (*see* 11 NYCRR 65-3.8 [a] [2]). After the defendants received the OBEL election form, they forwarded the remaining $19,325.67 to the plaintiff for health care provider expenses, which exhausted the limits of the subject policy and relieved the defendants of any responsibility to pay the remaining balance (*see Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co., supra; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570; *Presbyterian Hosp. in City of N.Y. v Liberty Mut. Ins. Co., supra*). Contrary to the plaintiff's contention, the defendants' December 8, 2003, payment and the December 9, 2003, denial of the remainder of the claim were timely, as they occurred within 28 days of the November 24, 2003, receipt of the OBEL election (*see* 11 NYCRR 65-3.8 [a] [2]).

Accordingly, the defendants' payment of no-fault claims to other health care providers for services rendered following the plaintiff's initial treatment, where such claims were submitted after the plaintiff's initial claim and while verification of the plaintiff's initial claim was pending, did not violate 11 NYCRR 65-3.15, as the plaintiff's initial claim was premature when submitted, and not complete until the defendants received additional verification of the claim.

Thus, the order is affirmed insofar as appealed from by the plaintiff Nyack Hospital, as assignee of Allen Zadwydas, and the appeal by St. Vincent's Hospital of Richmond, as assignee of Dequan Fields, is dismissed, as that entity is not aggrieved by the order appealed from (*see* CPLR 5511).

S. Miller, Rivera and Fisher, JJ., concur.

Ordered that the appeal by St. Vincent's Hospital of Richmond, as assignee of Dequan Fields, is dismissed, as that entity is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as appealed from by the plaintiff Nyack Hospital, as assignee of Allen Zadwydas; and it is further,

Ordered that one bill of costs is awarded to the defendants.