■ NEW YORK AND PRESBYTERIAN HOSPITAL et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent. [818 NYS2d 583]—

In an action to recover no-fault medical payments, the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (McCarty, J.), dated September 30, 2005, as denied that branch of their motion which was for summary judgment on their first cause of action to recover payments for medical services rendered by the plaintiff New York and Presbyterian Hospital, and granted that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action.

Ordered that the appeal by the plaintiff Mount Vernon Hospital is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by the plaintiff New York and Presbyterian Hospital, without costs or disbursements, and the first cause of action is reinstated.

Pursuant to the statutory and regulatory framework governing the payment of no-fault automobile benefits, insurance companies are required to either pay or deny a claim for benefits within 30 days of receipt of the claim (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [c]). However, the 30-day period may be extended where the insurer makes a request for additional information within 15 business days of its receipt of the claim (*see* 11 NYCRR 65-3.5 [b]; *Nyack Hosp. v General Motors Acceptance Corp.*, 27 AD3d 96, 100 [2005]; *Hospital for Joint Diseases v ELRAC, Inc.*, 11 AD3d 432, 434 [2004]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co.*, 5 AD3d 568, 569-570 [2004]), and an insurer is not obligated to pay or deny a claim until all demanded verification is provided (*see Nyack Hosp. v General Motors Acceptance Corp., supra* at 100-101; *Central Suffolk Hosp. v New York Cent. Mut. Fire Ins. Co.*, 24 AD3d 492, 493 [2005], *lv denied* 7 NY3d 704 [2006]).

The plaintiff New York and Presbyterian Hospital (hereinafter the plaintiff) made a prima facie showing that it was entitled to judgment as a matter of law on its first cause of action by submitting evidence that the prescribed statutory billing forms had been mailed and received, and that the defendant had failed to either pay or deny the claim within the requisite 30-day period (*see Nyack Hosp. v General Motors Acceptance Corp., supra* at 100; *New York & Presbyt. Hosp. v AIU Ins. Co.*, 20 AD3d 515, 516 [2005]; *New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., supra* at 570). However, in opposition to the motion, the defendant established that it had made a timely request for additional information and that it timely denied the claim within 30 days of receipt of the hospital records it had requested to verify the claim. Accordingly, the Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action.

However, the Supreme Court should have denied that branch of the defendant's cross motion which was for summary judgment dismissing the first cause of action. Although the defendant established that its denial of the subject claim was timely, it failed to submit sufficient evidentiary proof, in admissible form, to make a prima facie showing that it properly denied the claim upon the ground that the medical treatment provided was unrelated to the accident (*see New York & Presbyt. Hosp. v AIU Ins. Co., supra*; *Hospital for Joint Diseases v Hertz Corp.*, 9 AD3d 392 [2004]; *Nyack Hosp. v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 250 [2004]; *Mount Sinai Hosp. v Triboro Coach*, 263 AD2d 11, 20 [1999]). Crane, J.P., Ritter, Krausman and Skelos, JJ., concur.