■ MONTEFIORE MEDICAL CENTER, as Assignee of JUAN GARCIA, Respondent, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant. [826 NYS2d 616]—

In an action to recover no-fault medical payments under an insurance contract, the defendant appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated September 15, 2005, which granted the plaintiff's motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment is denied.

Contrary to the Supreme Court's determination, the defendant's request for additional verification, which followed the plaintiff's submission of an N-F5 verification, did not have to be set forth in a prescribed form (*see* 11 NYCRR 65-3.5 [b]; *Nyack Hosp. v Progressive Cas. Ins. Co.*, 296 AD2d 482, 483 [2002]). Therefore, the additional verification request tolled the defendant's time within which to pay or deny the claim (*see* Insurance Law § 5106 [a]; 11 NYCRR 65-3.8 [a] [1], [2]) until the defendant received all of the relevant information requested (*see Nyack Hosp. v General Motors Acceptance Corp.*, 27 AD3d 96, 101 [2005]; *Hospital for Joint Diseases v State Farm Mut. Auto. Ins. Co.*, 8 AD3d 533, 535 [2004]; *St. Vincent's Hosp. of Richmond v American Tr. Ins. Co.*, 299 AD2d 338, 340 [2002];

*New York & Presbyt. Hosp. v American Tr. Ins. Co.*, 287 AD2d 699, 700 [2001]). Since the defendant sent a partial payment and denial of benefits to the plaintiff after the requested material was provided and within the applicable time period, its response to the claim was not untimely.

Furthermore, the affidavit and documentary evidence submitted by the defendant in opposition to the plaintiff's motion for summary judgment were in admissible form, since the affiant adequately stated her basis of knowledge for the facts asserted in her affidavit and laid a proper foundation for the introduction of the documents. Moreover, those submissions established that other medical providers were properly paid before the plaintiff (*see* 11 NYCRR 65-3.15; *Nyack Hosp. v General Motors Acceptance Corp., supra* at 103). However, a triable issue of fact exists as to whether the no-fault benefits under the subject policy were exhausted, since the affidavit of the defendant's employee indicates that they were, but the payment register maintained by the defendant in the regular course of business reveals a balance of no-fault benefits in excess of the amount billed by the plaintiff. Accordingly, determination of the issue of whether the policy limits were in fact exhausted before full payment could be made to the plaintiff must await further proceedings.

The plaintiff's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Lifson, JJ., concur.