Golia, J.
(dissenting and voting to reverse the order, deny plaintiffs motion for summary judgment and grant defendant’s cross motion for summary judgment dismissing the complaint). In the first instance, I do not choose to abrogate my responsibility to “pass upon” the most fundamental and preeminent issue to be determined in any litigation, that being whether or not the plaintiff has established a prima facie case. I find that plaintiff did not do so.
I point to the fact that the claim forms submitted are internally inconsistent. That is, plaintiffs first claim form states that the subject injury occurred on November 15, 2000 and the services were provided five days earlier on November 10, 2000. The second claim form maintains the “apparent” misstatement that the injury occurred on November 15, 2000, with the service being provided on January 15, 2001. In addition, with regard to the mailing, plaintiffs affidavit states that the dates of service were November 10, 2000 and (a full year later) November 15, 2001.
I note that I do not ordinarily believe that a judgment should turn on what appear to be typographical errors. However, the above circumstances to me present sufficient facts, which in addition to others, warrant denial of plaintiffs motion for summary judgment.
Notwithstanding, I find that the follow-up verification and second request for verification did result in a tolling of the 30-day period. The opposite finding by the majority was not because the second request was sent too late (ordinarily the reason for denying the defendant’s ability to defend) but because it was sent three days too early. The majority simply states that “[contrary to defendant’s contention, the case of New York & Presbyt. Hosp. v American Tr. Ins. Co. (287 AD2d 699 [2001]) does not *5 permit defendant to disregard the regulation governing the timing of a follow-up request for verification.” The majority makes this finding even though the cited Appellate Division case deals with a verification request that was dated October 5, 1999 and a follow-up request that was sent and dated November 1, 1999. Certainly, the first day of November is less than 30 days from the fifth day of October.
Plaintiff argues, in substance, that because the Appellate Division did not specifically state that the letter that was dated 27 days later was actually mailed on the date that was noted, the case cannot be read to say that the follow-up was actually mailed 27 days later.
A review of the file that was submitted to the Appellate Division in New York & Presbyt. Hosp. v American Tr. Ins. Co. indicates that there is contained in that file, among other references, the reply affirmation of the plaintiff. It states, “The defendant’s letters of October 5, 1999 and November 1, 1999 were not prescribed verification forms.” There is no indication from this or any other document in that file that the letter dated November 1, 1999 was mailed on any date other than November 1, 1999. Nor, according to my review, was this issue raised.
I do not support the theory that the Appellate Division found that the November 1, 1999 letter was, in fact, dated November 1, 1999 but not mailed before November 5, 1999, nor was it mailed after November 14, 1999.
I, however, do believe that the Appellate Division understood exactly what was presented to it when it found that the follow-up request for verification that was sent within 30 days of the first request, specifically 27 days, was, in fact, timely and in all respects proper.
Pesce, RJ., and Steinhardt, J., concur. Golia, J., dissents in a separate memorandum.