Compas Medical, P.C., as Assignee of KEVIN JACQUES, Appellant, 
against
Travelers Insurance Company, Respondent.



Appeal from an order of the Civil Court of the City of New York, Queens County (Ulysses Bernard Leverett, J.), entered March 18, 2014. The order granted defendant's motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, with $25 costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification.
Contrary to plaintiff's contention, defendant was not required to pay or deny plaintiff's claims upon receipt of a "partial response" to defendant's verification requests
(see 11 NYCRR 65-3.8 [a] [1]; [b] [3]; New York & Presbyt. Hosp. v Progressive Cas. Ins. Co., 5 AD3d 568, 570 [2004] ["A claim need not be paid or denied until all demanded verification is provided"]). To the extent that plaintiff asserts that certain of defendant's requests were inappropriate, that argument also lacks merit, as plaintiff did not allege, much less demonstrate, that it objected to such requests during claims processing (see Rogy Med., P.C. v Clarendon Natl. Ins. Co., 43 Misc 3d 133[A], 2014 NY Slip Op 50629[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014] ["inaction is an improper response to a verification request, and therefore plaintiff's objections regarding the requests will not now be heard"]).
Contrary to plaintiff's remaining contentions, the proof submitted by defendant in support of its motion was sufficient to give rise to a presumption that the initial and follow-up verification requests had been properly mailed (see St. Vincent's Hosp. of Richmond v Government Empls. Ins. Co., 50 AD3d 1123 [2008]), and to demonstrate that defendant had not received the requested verification.
Accordingly, the order is affirmed.
Pesce, P.J., Aliotta and Solomon, JJ., concur.
Decision Date: October 05, 2016