Advantage Radiology, P.C., as Assignee of SOFIA DANA, Appellant, -
against
Nationwide Mutual Insurance Company, Respondent.



Appeal from an order of the District Court of Suffolk County, Third District




(C. Stephen Hackeling, J.), dated July 22, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs.
In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the District Court which granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff had failed to provide requested verification.
It is undisputed that, during claims processing, plaintiff's attorney sent defendant a letter requesting that "all other communications relating to this claim" be sent to plaintiff's attorney. Defendant timely mailed verification and follow-up verification requests to plaintiff but did not send these requests to plaintiff's attorney. On appeal, plaintiff argues that, pursuant to 11 NYCRR 65-3.6 (b), upon sending the follow-up verification request to plaintiff, defendant was required to send plaintiff's attorney a delay letter. In the alternative, plaintiff contends that, in accordance with the letter received from plaintiff's counsel, defendant was obligated to send the initial and follow-up verification requests to plaintiff's counsel. Plaintiff maintains that since defendant failed to do so, defendant is not entitled to summary judgment.
Plaintiff's contention that, pursuant to 11 NYCRR 65-3.6 (b), upon sending the follow-up verification request to plaintiff, defendant was required to send plaintiff's attorney a delay letter lacks merit, as there is no such requirement, where, as here, the party from whom the verification is sought is the plaintiff, rather than another person or entity (see GNK Med. Supply, Inc. v Tri-State Consumer Ins. Co., 37 Misc 3d 138[A], 2012 NY Slip Op 52195[U] [App Term, 1st Dept 2012]; Doshi Diagnostic Imaging Servs. v State Farm Ins. Co., 16 Misc 3d 42, 44 [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
To the extent plaintiff contends that, in accordance with the letter received from plaintiff's counsel, defendant was obligated to send the initial and follow-up verification requests to plaintiff's counsel, we disagree. Insurers are obligated to comply with the no-fault regulations, which require that both the initial and follow-up verification requests be sent to the party from whom the verification is sought (see 11 NYCRR 65-3.5 [b]; 65-3.6 [b]) and, thus, defendant cannot be penalized for sending the verification requests to plaintiff notwithstanding the request from plaintiff's counsel (cf. St. Vincent's Hosp. of Richmond v American Tr. Ins. Co., 299 AD2d 338 [2002]; New York Hosp. Med. Ctr. of Queens v State Farm Mut. Auto. Ins. Co., 293 AD2d 588 [2002]). In addition, we note that if plaintiff was confused as to why the requests were sent to it or whether it needed to respond to the requests, "any confusion on the part of plaintiff . . . should have been addressed by further communication, not inaction" (Westchester County Med. Ctr. v New York Cent. Mut. Fire Ins. Co., 262 AD2d 553, 555 [1999]).
In light of the foregoing, we find no basis to disturb the order of the District Court.
Accordingly, the order is affirmed.
Marano, P.J., Garguilo and Brands, JJ., concur.
Decision Date: February 15, 2017